## The People on the relation of Charles T. Parker v. The Judge of the Calhoun Circuit.

*Mandamus: Judgment: Compromise and payment: Motion to stay proceedings.* Where the court below has denied a motion, founded on affidavits, to stay proceedings on a judgment, on the ground that it had been compromised and paid, and the compromise and payment is denied by the plaintiff, this court will not grant a *mandamus* to compel a stay of proceedings.

*Compromise and payment: Affidavit.* Where an alleged compromise and payment are contested, a question is raised upon the rights of the parties which cannot properly be tried upon affidavits.

*Discretion: Affidavit.* Generally no matter can properly be tried upon mere affidavit, except such as depends upon the discretion of the court; and in such case this court cannot control that discretion.

*Heard April 3. Decided April 4.*

Application for *mandamus*.

*Thomas G. Pray,* for the respondent.

*Brown & Patterson,* for the relator.

PER CURIAM.

A motion founded upon affidavits was made in the court below to stay proceedings on a judgment, on the ground that it had been compromised and paid. The compromise and payment were denied by the plaintiff. The court refused the motion. This is an application for a *mandamus* to compel the court to make an order for a perpetual stay of proceedings.

Without reference to the question of lien, if the payment and compromise had not been denied or contested, the order might perhaps have been properly granted. But when these were contested, a question was raised upon the rights of the parties, which could not properly be tried upon affidavits.

Questions pertaining merely to the mode of procedure may be tried upon affidavits. But, generally, no matter can properly be tried upon mere affidavit, unless it be matter

which depends upon the discretion of the court, and if it be such, this court cannot control that discretion.

The motion for a *mandamus* must be denied.