CHARLES W. LYON v. VERNON H. SMITH, CIRCUIT
JUDGE OF CLINTON COUNTY.

*Execution—Set-off—Mandamus—Motion.*

1. Where a sheriff has made a set-off of executions under the
   statute, and returned the larger one as satisfied, it is not com-
   petent for the circuit court on motion to set aside the return, and
   grant a *second* execution on the judgment.

2. The refusal of a circuit judge to compel a sheriff to make a set-off
   of executions under How. Stat. § 7709, is not reviewable on
   *mandamus* (*Wells v. St. Joseph Circuit Judge*, 39 Mich. 21); but
   such refusal will not bar the right to proceed in equity for the
   same relief (*Wells v. Elsam*, 40 Mich. 218).

3. It is contrary to all right to *finally* determine legal claims on
   motion and affidavits. *Parker v. Judge of Calhoun Circuit*, 24
   Mich. 408; *Brown v. Thompson*, 29 Id. 75.

Mandamus. Submitted June 21, 1887. Granted July 7,
1887. The facts are stated in the opinion.

*H. & H. E. Walbridge*, for relator.

*J. H. Fedewa*, for respondent.

CAMPBELL, C. J. The sheriff of Clinton county, having
an execution against relator, issued from said court, in favor
of William N. McRoberts, and one from the same court in
favor of relator against McRoberts, was requested by relator
to set off one against the other, and did so; and, relator hav-
ing paid him the balance, he returned the larger execution
satisfied. Before doing so he spoke to Mr. Fedewa, the
attorney for McRoberts, who assented to his making the set-
off. A motion was subsequently made to set aside the return,
and grant an execution on the judgment against the rela-
tor, upon the application of Mr. Fedewa, stating that he sup-
posed the sheriff referred to an execution from a justice's

court for a different amount, and a further statement that this circuit court judgment against relator had been assigned to another person. The circuit judge set aside the return, and granted a new execution.

Relator asks a *mandamus* to rescind this order.

The statute under which the sheriff acted provides for a set-off by allowing either party to put his own execution in the hands of the officer having the one against him, and to require one to be indorsed against the other. How. Stat. § 7709. The next section forbids the set-off in case of a *bona fide* assignment. But it makes no provision for the case where a sheriff or other officer has actually made the application, and satisfied the execution by receiving payment of the balance, and returning it.

In the present case it is not shown by affidavit, and does not appear, that the sheriff held any execution upon the judgment which Mr. Fedewa says he himself referred to in his own mind; and Mr. Fedewa, as attorney, had means of knowing what executions the sheriff held. The sheriff was entirely justified in his action. Had he been informed of any controversy, he would have left the matter to be settled by legal proceedings.

The circuit judge undertook to settle these rights on motion. It appears that on this motion he acted largely on a bill and answer, in a suit to establish an equitable set-off before relator obtained judgment. But this case had not gone to final decree, and the statute which allows executions to be set off makes no reference to whether the original debts could have been set off or not. Nothing is adjudicated by a suit still pending.

Had the relator been refused his set-off by the sheriff, and applied for a compulsory order, the circuit judge might have thought it was his duty to refuse. But, had he done so, this refusal, although not reviewed on *mandamus*, as decided in *Wells v. St. Joseph Circuit Judge*, 39 Mich. 21, would not

have in any way barred the right to proceed in equity for the same relief.   *Wells v. Elsam*, 40 Mich. 218.   It is contrary to all right to finally determine legal claims on motion and affidavits.   *Parker v. Judge of Calhoun Circuit*, 24 Mich. 408; *Brown v. Thompson*, 29 Id. 75.

In the present case the sheriff had acted in conformity with the statute in all respects.   The judgment had become regularly satisfied of record.   We think that it was not competent on motion to grant relief upon it as if not satisfied. The amount is large enough to furnish a basis for a bill in equity; or, if the judgment is really not satisfied, there are legal methods for settling that question.   But it was not a question for interlocutory or discretionary action.

The *mandamus* should be granted.

The other Justices concurred.