KOWALSKI *v.* GUARANTY TRUST CO.

DISMISSAL AND NONSUIT—CONVERSION—ISSUE OF FACT MAY NOT
BE DISPOSED OF ON MOTION.

> In an action by a daughter against the administrators of
> her father's estate, as individuals, for the conversion of
> certain personal property claimed to have been given to
> her by her father, the trial court was in error in granting
> defendants' motion to dismiss on the ground that the ques-
> tion was one for the probate court, since the question of
> fact at issue was as to the ownership of the property
> named in the declaration, which may not be disposed of
> on motion.

Error to Wayne; Smith (Clement), J., presiding.
Submitted June 8, 1923. (Docket No. 94.) De-
cided July 19, 1923.

Case by Pearl Spaulding Kowalski against the
Guaranty Trust Company and another for the con-
version of certain personal property. From an order
granting a motion to dismiss, plaintiff brings error.
Reversed.

*James H. Pound,* for appellant.

*Goodenough, Voorhies, Long & Ryan,* for appellees.

BIRD, J. Plaintiff commenced a suit against de-
fendants in the Wayne circuit court and filed the
following declaration:

"The plaintiff, Pearl Spaulding Kowalski, says:
"*First:* That the defendants are the Guaranty Trust
Company, a Michigan corporation. And the defend-
ant, Mary Belle Spaulding, is a house wife. A
resident of the township of Pittsfield, Washtenaw
county, Michigan.

"*Second:* That plaintiff, on or about September 29, 1896, was possessed of, and was the owner of one square piano, of the value of a ·large sum of money, to-wit, twelve hundred dollars.    Also an organ, in an upright piano case, both of which was of great value. The last being a cabinet organ, also of great value, to wit, eight hundred dollars, which said articles of personal property had been given to plaintiff by her father and mother, by adoption, and presented to her, plaintiff, by her father, John Miles Spaulding, and which, for convenience of the parties to this cause, the plaintiff, Pearl Spaulding Kowalski, placed with his permission, in her father's home, and has been there, ever since, and was therein December 11, 1921, the day of John Miles Spaulding's death, about.    Also from December 1st, of said year,—said John Miles Spaulding, having been buried, upon the 11th day of December, A. D. 1921.    That upon the petition of Mary Belle Spaulding, defendant, who claims to be the widow of said John M. Spaulding, deceased.    Although that claim is disputed, by another whose claim is of anterior date.    That the Guaranty Trust Company of Detroit, a defendant herein, was, upon the petition of said Mary Belle Spaulding, *nee* Bradt, duly appointed, without notice to the world, or to any particular person, the special administrator of said John M. Spaulding, deceased, estate, and immediately duly qualified as such.    Moreover, the said Guaranty Trust Company was also appointed as a general administrator of said John M. Spaulding's estate, and duly qualified as such.    Also, that one pair of pearl and gold opera glasses that was plaintiff's also, was taken by defendants.    That said appointment as general administrator of said John M. Spaulding estate, has been appealed from and vacated.    Also that some jewelry of the value of one hundred dollars.    Also a set of terra cotta vases of plaintiff were also converted.

"*Third:*. That on or about a certain date, to wit, December 9, 1921, and on divers other days since said date, to wit, said dates, the said defendants converted the said personal property of the plaintiff, to their own use, to wit, from thence hitherto.    That the value of the said properties, with interest thereon, is

well worth the sum of two thousand and five hundred dollars. All of which the defendants have taken and applied to their own use and purposes, contrary to plaintiff's expressed will and command, and deprived her, plaintiff, thereof.

"*Fourth:* Wherefore the plaintiff claims a judgment against defendants herein sued, for the sum of two thousand five hundred dollars, and therefore· she continues this, her suit.

"JAMES H. POUND,
"Attorney for Plaintiff."

Defendants appeared and pleaded the general issue and added thereto the following notice:

"To James H. Pound, attorney for plaintiff:
"Notice is hereby given, that defendants will show in their defense, of the action set forth, in the declaration, that:

"1. Defendant, Guaranty Trust Company, has never been in possession of the articles named in the declaration, and has never had any control, over any of the property, lately owned, or possessed, by John M. Spaulding, now deceased, except as administrator of the estate, of said John M. Spaulding, deceased.

"2. Defendant, Mary Belle Spaulding, is the widow of John M. Spaulding, deceased, and has no control or right of disposition, of any of the effects or property, owned or possessed .by said John M. Spaulding.

"3. That if plaintiff has any right, to any of the property described in the declaration, her only remedy is in the probate court of Washtenaw county, Michigan, where the estate of John M. Spaulding, deceased, is being administered.

"GOODENOUGH, VOORHIES, LONG & RYAN,
"Attorneys for Defendants."

Defendants then filed a motion to dismiss the proceeding. The grounds for the motion do not appear in the record, but from the briefs of counsel it is apparent that the motion was based upon defendants' notice under the general issue, and that the motion was granted because of defendants' claim that they held the property as administrators of the estate of

John M. Spaulding, deceased. We assume that the cardinal issue in the case was whether the property named in the declaration belonged to plaintiff. If it did, and defendants refused to deliver it to her, she was entitled to recover its value. On the other hand, if defendants had possession of the property as administrators and it belonged to the estate, or the estate was entitled to the possession thereof, then this would be a complete defense to the action.

It is defendants' contention that the circuit court had no jurisdiction to determine the question, but was a matter for the consideration of the probate court. The fact must not be overlooked that plaintiff is not suing defendants as administrators of the estate, but is suing them as individuals for converting her property. It is true counsel refers to them in the declaration as administrators and shows they were appointed, but this was important only in showing how they happened to get possession of plaintiff's property. The question as to the ownership of the property was the important issue in the case. It was one of fact and should not have been disposed of on motion. It is against the policy of the law to determine the merits of a case upon motion and affidavits. *Lyon* v. *Smith*, 66 Mich. 676.

The order dismissing the case must be set aside.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.