LAMBRECHT v. LEE.

MORTGAGES—TRUST MORTGAGE—ASSIGNMENT OF RENTS AND PROFITS
  —APPOINTMENT OF RECEIVER.
    Where motion for appointment of receiver to collect rents and
    profits under provisions of alleged trust mortgage in default
    was denied without submission of proof on issue raised by
    pleadings as to whether said instrument is in fact trust mort-
    gage, order of court below is reversed, on appeal, and re-
    manded for trial on merits (3 Comp. Laws 1929, §§ 13498,
    13499).

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted February 14, 1933. (Calendar No. 37,024.)
Decided June 29, 1933.

Bill by Richard G. Lambrecht against David C.
Lee and others for specific performance of trust
mortgage provision assigning rents and profits and
for appointment of a receiver. From order denying
receivership, plaintiff appeals. Reversed, and re-
manded.

*Ben O. Shepherd,* for plaintiff.

*Samuel H. Rubin* (*Melba Levin-Rubin,* of coun-
sel), for defendant Lee.

SHARPE, J. On April 1, 1930, the defendant Robert
Schomberger and Annie, his wife, executed a mort-
gage on certain real estate in the city of Detroit to
Union Guardian Trust Company, as trustee, in the
sum of $10,000, to secure the payment of 23 promis-
sory notes of $400 each, payable monthly thereafter,
and one for $800, payable April 1, 1932. This mort-

gage contained an assignment of the rents, income, and profits of said property, pursuant to the provisions of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499). It was made subject to a mortgage thereon to the Mutual Benefit Life Insurance Company, dated September 12, 1928, in the sum of $60,000.

On October 27, 1932, the bill of complaint herein was filed. In it the plaintiff alleged that on January 28, 1931, the Union Guardian Trust Company resigned as such trustee and Kora D. Diehl was appointed to act in its stead, and that said Kora D. Diehl afterwards resigned and plaintiff was appointed his successor by the majority of the noteholders; that there is default in the payment of the last 12 of said notes, amounting to $5,200, and interest thereon from April 1, 1930; that, in accordance with the provisions in said mortgage, he entered upon the premises and served the tenants and occupants with notice of default and his intention to collect the rents therefor, and filed notice thereof in the office of the register of deeds; that the defendant David C. Lee has interfered therein and refused to permit him to make such collections, and that by reason of the provisions in said mortgage he is entitled to have a receiver appointed to collect such rents, profits, and income. In his prayer for relief he asks for specific performance of this provision in the mortgage and for the appointment of a receiver—

"to take possession and charge of the said premises and every part thereof, to operate and manage the same, to collect and receive all rents and income therefrom, and to apply the net profits thereof in accordance with the terms and provisions of said trust mortgage and the order of this court."

On the day the bill was filed, the trial court made an order for the defendants to show cause on October 31, 1931, "why a receiver should not be appointed in accordance with the prayer in said bill of complaint." The practice thus indulged in is difficult to understand. The appointment of a temporary receiver was not prayed for in the bill, and no petition therefor was filed in the court. The issue as to whether a permanent receiver should be appointed could not be determined until the answer was filed and proofs submitted if it contained denials of the material allegations in the bill. The answer was filed on November 5th. In it the defendant (Lee) alleged under oath:

"That the original insertion of the name of the Union Guardian Trust Company as alleged trustee was a mere scheme and device born in the fertile brain of Kora D. Diehl, the general manager of the Madison Investment Company, for the purpose of evading the ejectment statute of the State of Michigan."

On November 7th the court made the order here appealed from denying "plaintiff's motion for a receiver."

Pursuant to Court Rule No. 69 (1931), appellant states the question involved as follows:

"Does Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), apply to a trust mortgage when all the outstanding mortgage bonds are held by one corporation, and when the individual acting as successor-trustee under the mortgage, is in a sense, an agent of the corporation owning the bonds?"

In referring to this statute, it was said in *Security Trust Co.* v. *Sloman*, 252 Mich. 266, 273:

"It was designed for the benefit of holders of obligations under trust mortgages, usually the general public who rely on others for financial guidance, and is to be given effect to that end."

On its face this instrument contains all of the elements of a trust mortgage.

"No particular form of words, however, is required to create a trust, and whether one exists is to be ascertained from the intention of the parties as manifested by the words used and the circumstances of the particular case." 26 R. C. L. p. 1180.

If the loan in this case was made by the Madison Investment Company to the mortgagors and the name of the trust company as trustee was inserted in the mortgage for the sole purpose of securing to the investment company the rights of a trustee under Act No. 228, then it was not a trust mortgage in fact and might not have been enforced by it as such.

The record contains a reply to defendant's answer, filed after the order was made, denying many of the allegations therein and particularly that charging that the insertion of the name of the trustee was a "mere scheme and device" for the purpose of evading the ejectment statute. An order of the court permitting it to be filed was made.

Whether the present plaintiff is entitled to the rents and profits and the appointment of a receiver to collect and disburse the same is dependent upon the proofs to be submitted on the hearing. It could not be determined upon the allegations in the bill and denial thereof in the answer. *Kowalski* v. *Guaranty Trust Co.,* 224 Mich. 118.

The order of the trial court denying plaintiff's right to a receiver is set aside, without costs, and the cause remanded for a trial upon the merits of the issues presented by the pleadings.

Clark, North, and Wiest, JJ., concurred with Sharpe, J.

Fead, J. (*concurring*). Because temporary receivership was not prayed for and denied, I concur in the result, reserving opinion of the rights of the respective parties to a permanent receivership until the facts are presented.

McDonald, C. J., and Potter and Butzel, JJ., concurred with Fead, J.