WILLIAM SELLY *v.* FLEMING COAL COMPANY, a corporation of the State of Delaware.

(*July* 12, 1935.)

RODNEY, J., sitting.

*Ivan Culbertson* for plaintiff.

*Horace Greeley Eastburn* and *Caleb M. Wright* for defendant.

Superior Court for Sussex County, No. 48, June Term, 1935.

RODNEY, J., delivering the opinion of the Court:

The judgment must be refused at this time. Notwithstanding the value of the Statute as preventing unnecessary delay in litigation, the Courts of this State have never been inclined to unduly extend the language of the Statute and

uniformly have refused judgment when a reasonable doubt existed as to the right of the plaintiff to what has been termed a "snap judgment." Several cogent reasons suggest themselves as preventing the judgment on the affidavit of demand in the present case.

█ It has been held in this State that an affidavit of demand must be based upon an unconditional promise to pay a sum of money and that this sum must be a sum certain. *Reed v. Glens Falls Insurance Company*, 2 *Marv.* (16 *Del.*) 370, 43 *A.* 256, 257. And it has also been held that the obligation must be for a sum of money and nothing more. *Tweed v. Dayett*, 5 *Houst.* (10 *Del.*) 526.

It therefore seems entirely clear that the obligation in writing, the basis of the affidavit of demand, must be for a sum certain. In *Woolley's Delaware Practice*, § 249 (*g*), it is said:

"The sum demanded should be such a sum as is shown to be due by the copy or copies of the cause of action appended, unless indeed, the original amount due, has been reduced by payments or executions."

In the Resolutions of the Board of Directors declaring the dividends, claimed to be the obligations in writing in this case, there are no sums certain alleged to be due. Under the first Resolution declaring 60% cash dividend, the sum of $7,000.00 is sworn by the affidavit to be due. This amount cannot be determined from the Resolution, either by the Prothonotary or any other person, and the amount due must necessarily depend upon the stock holding of each individual stockholder. This amount due must vary in the same proportion as the holding of stock. That this is true is clearly shown by the affidavit, which alleges that, under the first Resolution declaring a cash dividend of 60%, there is due the sum of $7,000.00; under the second Resolution declaring a cash dividend of 35%, the same sum of

$7,000.00 is alleged to be due, which could only be true upon a change in the proportional holding of stock. Under the third Resolution declaring a cash dividend of 41.75%, there is alleged to be due a greater amount, to-wit, $8,350.00, notwithstanding the fact that the percentage of dividend is much smaller than that provided in the first Resolution.

If, as counsel argues, it is only essential that the amount due be alleged in the affidavit, without any reference to the cause of action or obligation in writing attached to the affidavit, then one important reason for requiring the cause of action to be exhibited would cease to exist. I cannot accede to this view, but hold that the copy of the cause of action filed with the affidavit of demand must show a definite sum to be due.

In view of this opinion it is perhaps not material to consider the other grounds urged by the defendant, viz., (1) that it does not appear what dividends are due or to what extent the dividends may be decreased by indebtedness due from the stockholder to the corporation; (2) that the allegation of the assignment to the present plaintiff, whether it be of stock holding or of dividends, is too indefinite to be enforced; and (3) that no suit can be enforced to recover a dividend until after a specific demand has been made for payment. Some of these might, perhaps, be more properly raised by affidavit of defense.

I do, however, have extreme doubt that a Resolution of a Board of Directors declaring a dividend is such an "instrument of writing for the payment of money" as will support an affidavit of demand and justify a summary judgment by default at the first term.

It seems to be true that upon the declaration of a law-

ful dividend by a Board of Directors that the relation of debtor and creditor is set up between the corporation and the stockholder. In most cases the right set up in the stockholder is an irrevocable right and the declaration of the lawful dividend creates an obligation of the corporation and there exists a right of action on the part of the stockholder to enforce its payment. The right of action is in the nature of a contract and grows out of the declaration of a lawful dividend. The actual wording of the Resolution, the physical minutes, constitute mere matter of Record. The obligation grows out of the legal action of the Board of Directors, the vote of the declaration of dividend—the minutes are mere matters of evidence, showing the action of the Board, and the minutes themselves do not constitute "an obligation in writing for the payment of money" within the intent of the Statute.

Judgment is refused.