William R. Geiler, J.
This is an application, which was brought on by an order to show cause, for an order direct *522 ing the Security National Bank (hereinafter referred to as “ Security ”) to return a 1967 Cadillac bearing identification number F 7212179 to Michael Cammaratta.
Michael Cammaratta entered into a retail installment contract for the purchase of the subject motor vehicle with Island Chrysler Plymouth, Inc., on or about May 23,1969. This contract was assigned to Security on the same day and the retail installment contract containing the usual security agreement was filed in the office of the County Clerk of Suffolk County.
The subject motor vehicle was seized by the Suffolk County Police Department pursuant to section 3353 of the Public Health Law. The motor vehicle was allegedly being used in the transportation of narcotics.
The motor vehicle, while in the possession of the Police Department, was repossessed by Security. Security allegedly repossessed the motor vehicle on the grounds that Cammaratta violated the terms of the retail installment contract.
A public sale of the subject motor vehicle was scheduled for June 30,1969 but was stayed by the temporary restraining order contained in the order to show cause herein. Cammaratta alleges that the subject automobile was seized in “violation of his constitutional rights ’ ’ and therefore should be returned to him.
There is admittedly no action or proceeding pending by Cammaratta against Security nor is there an action or proceeding pending by Security against Cammaratta. There is before this court only a motion, brought on by an order to show cause, but nevertheless only a motion.
Is a motion a substitute for an action or proceeding? May a person for example, institute a claim to recover damages under the theory of negligence, by a motion in the first instance rather than a summons and complaint?
What is a motion? The court in the case of Matter of North Shore Hosp. v. McConico (39 Misc 2d 1032), answered this question in the following language: “A motion, on the other hand, is an application for an order in a proceeding already pending in the same court in which the motion is made, and jurisdiction over the motion is dependent on whether or not jurisdiction has been obtained in the main proceeding. * * *
‘‘ With respect to the instant motion, there is no action or proceeding presently pending in this court or in any other court in Nassau County. Thus, a notice of motion may not be made, there being no action or proceeding in this court to furnish the jurisdictional basis for this motion. ’ ’
*523 A motion is neither an action nor a special proceeding but a procedural step connected with and dependent upon the remedy invoked in a particular action or proceeding (Matter of Dietz, 138 App. Div. 283).
Generally speaking, the sine qua non for relief by motion is the existence of an underlying action or proceeding. A motion cannot be used as a substitute for an action or proceeding and this court does not have the jurisdiction to grant the relief requested. The application herein is denied.