ERDMAN v YOLLES

1. Corporations—Closely-Held Corporations—Dividends—Distri-
   bution of Profits—Denomination of Distribution.

   Distribution of a closely-held corporation's profits through salary
   increases to its officers and directors who are also shareholders
   may constitute a dividend, whether denominated so or not.

2. Corporations—Dividends—Shareholders—Pro-Rata Share.

   A shareholder has a right to a dividend in his individual capacity
   once the dividend is declared, and a shareholder has a claim for
   his pro-rata share of profits distributed as a dividend against
   the other individual shareholders who were improperly paid
   such profits.

3. Corporations—Directors—Compensation—Burden of Proof—
   Statutes.

   A section of the Business Corporation Act regulating compensa-
   tion paid to directors and officers of a corporation does not
   apply before the effective date of the statute, and a savings
   clause of the statute provides that a suit for unreasonableness
   of salaries, established before that date, may be brought under
   the law previously in effect; the burden of proving that the
   compensation paid to corporate directors and officers was rea-
   sonable rests with the defendants in a suit brought before the
   effective date of the new statute (MCLA 450.1127, 450.1546[3]).

Appeal from Oakland, John N. O'Brien, J. Sub-
mitted March 10, 1975, at Detroit. (Docket No.
20500.) Decided July 22, 1975.

Complaint by Robert Erdman against Sol Yolles,
Marvin Cohn, Alfred Dangovian, and Sol and Bob,
Inc., for damages for wrongful depletion of corpo-

References for Points in Headnotes
[1] 19 Am Jur 2d, Corporations §§ 838, 905.
[2] 19 Am Jur 2d, Corporations §§ 890–896.
[3] 19 Am Jur 2d, Corporations § 1424.

rate assets. Judgment for plaintiff. Defendants appeal. Affirmed.

*Geralds, Suo & Noble, P. C.,* for plaintiff.

*Dakmak, Gropman & Sinai, P. C.,* for defendants.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. F. WALSH, JJ.

V. J. BRENNAN, P. J. Plaintiff and the three individual defendants are all hairdressers who formed the corporation, Sol and Bob, Inc., each owning a 25 percent interest in the corporation. In October, 1970, plaintiff terminated his employment with the corporation but retained his 25 percent interest therein. Subsequent to his departure, corporate investments which had been made during plaintiff's active service with the corporation were sold by defendants and, although profits were declining, defendants thereupon granted themselves pay increases and bonuses which they approved retroactively over objection of plaintiff's representative at a May, 1971 directors' meeting.

On May 2, 1972, plaintiff brought this action against defendants. An amended three-count complaint was filed on May 7, 1973. Defendants answered plaintiff's complaint by way of general denial and raised several affirmative defenses. The cause proceeded to trial before Judge John N. O'Brien, sitting without a jury, on August 20, 1973. At the conclusion of plaintiff's proofs, the trial judge dismissed plaintiff's counts 1 and 3, the material allegations of which are not here pertinent, but denied defendants' motion to dismiss count 2 in which plaintiff sought damages for defendants' alleged wrongful depletion of corpo-

rate assets. After all the proofs were presented and both sides had rested, the trial judge took the case under consideration. By written opinion dated December 12, 1973, the trial judge decided the case in favor of plaintiff and awarded him 25 percent of the proceeds of the land, stock and business assets sold after plaintiff left the employ of the corporation and the full value of the cash realized from the sale of his life insurance policy. It is from this decision that defendants now appeal.

The trial judge in the case at bar specifically found that plaintiff and the three individual defendants had been in business together for approximately 18 years and that during this time they increased and decreased their salaries in accordance with the amount of cash on hand. No dividends were specifically declared or other distributions to the shareholders effected except through the medium of salaries. The trial judge also found that after plaintiff left the employ of the corporation in October of 1970 defendants cashed in certain life insurance policies for $1,600 and sold investment properties for $38,852. The individual defendants thereupon, in the trial judge's words, "voted themselves a raise in salary, which exceeded the amount justified by dividing the then declining profits by three, and each of the three took a $5,000 bonus". These assets, according to the trial judge's findings, "were acquired through a sacrifice of salary by all four, according to the use and custom of the four principals". The trial judge, therefore, gave judgment to plaintiff for one-quarter of the proceeds from the land, stock and business assets which were sold and the full value of the cash realized from the sale of his life insurance policy. In response to defendants' motion to amend the court's findings of facts and

conclusions of law, the trial judge issued a supplemental opinion wherein he stated that it was his conclusion, in light of the history of dealings between the four people here involved, that the conduct of the three principal defendants "in cashing in previously acquired assets, and then distributing them, amounts to the payment of a dividend, from which the plaintiff was denied his one-fourth (1/4) share".

After examining the record in the case at bar we find ourselves in complete agreement with the trial judge. The entire course of conduct between these parties supports the trial judge's finding that profits of the corporation were distributed through salary increases and that, in this case, plaintiff was improperly denied his 1/4 share.

The distribution of profits in this manner, as the trial judge found, constituted a dividend, whether denominated such or not. *Barnes v Spencer & Barnes Co,* 162 Mich 509; 127 NW 752 (1910).

In light of the fact that we have found, under the facts here presented, that the trial judge correctly determined that defendants had improperly denied plaintiff his right to participate in a distribution of profits, defendants' first assignment of error, that the trial judge erred in granting plaintiff individual relief instead of awarding a money judgment in favor of the corporation, is without merit. Once a dividend has been declared a shareholder has a "right to the money in his individual capacity". 13 Fletcher, Cyclopedia of Corporations (perm ed), § 5922, p 305. The trial judge did not err, therefore, in granting plaintiff his pro-rata share of the profits so distributed.

Defendants next argue that the trial judge erred in placing upon them the burden of proving that the salaries they received after plaintiff left the

employ of the corporation were reasonable. In support of their contention in this regard defendants point to § 546(3) of the new Business Corporation Act, MCLA 450.1546(3); MSA 21.200(546)(3), which provides:

"(3) The Board, by affirmative vote of a majority of directors in office and irrespective of any personal interest of any of them, may establish reasonable compensation of directors for services to the corporation as directors or officers, but approval of the shareholders is required if the articles of incorporation, bylaws or other provisions of this act so provide."

Defendants' reliance on this section, however, is misplaced. The new Business Corporations Act contains a savings clause, MCLA 450.1127; MSA 21.200(127), the relevant portion of which provides:

"(2) This act does not affect a cause of action, liability, penalty or action or special proceeding, which on the effective date of this act is accrued, existing, incurred or pending, but the same may be asserted, enforced, prosecuted or defended as if this act had not been enacted."

In the case at bar the actions of the defendants which formed the basis for this cause of action occurred before January 1, 1973, the effective date of the new act. Indeed, plaintiff's initial complaint was also filed before the effective date of the new act. It is clear, therefore, under the provisions of MCLA 450.1127; MSA 21.200(127), that the provision here sought to be relied on by defendants, MCLA 450.1546(3); MSA 21.200(546)(3), has no application to the case presently before us and we, therefore, need not decide whether this new statute shifts the burden of proof to the plaintiff.

Under the law in effect prior to the effective date of the new Business Corporation Act the trial

judge's decision in this regard was correct. *Holden v Lashley-Cox Land Co,* 316 Mich 478; 25 NW2d 590 (1947), *McKey v Swenson,* 232 Mich 505; 205 NW 583 (1925). The cases relied on by defendants for the law prior to the effective date of the new act, *Garwin v Anderson,* 334 Mich 287; 54 NW2d 667 (1952), *Wiseman v Musgrave,* 309 Mich 523; 16 NW2d 60 (1944), and *Nahikian v Mattingly,* 265 Mich 128; 251 NW 421 (1933), are not to the contrary but simply involve dissimilar factual situations.

Defendants present two additional issues for our consideration, one of which is not supported by any argument or citation of authority and is, therefore, held to be abandoned. Defendants, by their remaining contention, argue that "The judgment of the lower court did not comport with law or the great weight of the evidence adduced at trial". We disagree. The trial judge's decision was based upon sufficient findings of fact which were adequately supported by the record and the judgment as entered represents a fair and appropriate disposition to the case.

Affirmed. Costs to plaintiff.