U. S. INDUSTRIES, INC. and Health
Industries, Inc., Petitioners,

v.

The Honorable Aldon J. ANDERSON,
United States District Judge,
Respondent.

No. 78–1271.

United States Court of Appeals,
Tenth Circuit.

Submitted April 12, 1978.

Decided July 13, 1978.

C. Keith Rooker and Dale A. Kimball of Martineau & Maak, Salt Lake City, Utah, for petitioners.

James P. Cowley and Allan T. Brinkerhoff of Watkiss & Campbell and Richard W. Giauque and Patricia W. Christensen of Berman & Giauque, Salt Lake City, Utah, for respondents.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

McKAY, Circuit Judge.

In 1969, Robert L. Rice and Kenneth O. Melby, along with others, sold 80 percent of the stock of Health Industries, Inc. to U. S. Industries, Inc. and in exchange received shares of U. S. Industries Series O special preference stock. Subsequently, U. S. Industries and Health Industries (plaintiffs) brought an action in federal district court against Rice and Melby (defendants) and others for securities violations and for various breaches of employment obligations and fiduciary duties. Plaintiffs charged defendants with devising and implementing a scheme and artifice to defraud plaintiffs in connection with the 1969 stock exchange.

From 1969 until September 1, 1977, defendants were paid quarterly dividends on the special preference stock without interruption. On September 1, 1977, however, they each received a letter from U. S. Industries stating in part:

> The amount of the dividends due you or to become due you on your Special Preference Stock, Series O, will be paid by offsetting the same against the amount due from you to USI as alleged in its complaint in the action which is now pending against you in the U. S. District Court for the District of Utah— Central Division. Of course, if the amounts thus offset should exceed your liability to USI as finally determined, the balance will be paid to you with interest.

Notwithstanding these letters, dividend checks were mailed to defendants. The day the checks were received, however, defendants each received telegrams stating that the checks had been mailed in error and that stop payment orders had been placed against the checks.

Both defendants thereafter filed similar motions and supporting memoranda in the pending securities action. The motions were styled motions for a determination of wrongful prejudgment seizure and attach-

ment of dividends and for an order compelling payment. Plaintiffs opposed the motions contending that defendants had to assert their claim by counterclaim and that proceeding by motion was impermissible. After a hearing, the district court found that defendants had a "property interest" in the dividends and issued an order which stated in part:

> IT IS HEREBY ORDERED that defendants' motions for an order compelling payment of wrongfully withheld dividends are granted.

> IT IS FURTHER ORDERED that plaintiffs forthwith return the wrongfully withheld dividends of September 1, 1977, and any dividends subsequently withheld together with legal interest thereon from the respective dates of the wrongful withholding.

> IT IS FURTHER ORDERED that plaintiffs refrain from any future wrongful withholding of dividends due and owing to defendants Rice and Melby.

> IT IS FURTHER ORDERED that plaintiffs' motion for a Rule 54(b) determination or, in the alternative, certification pursuant to 28 U.S.C. § 1292(b) is denied.

The district court accepted deposit of the withheld dividends and plaintiffs brought this petition for a writ of mandamus seeking to have the order vacated. The district court's order has been stayed pending the outcome of this petition.

There is a strong temptation to decide this case on the merits, that is, to determine whether plaintiffs have rightfully or wrongfully withheld dividends from defendants. That is not what this petition tests. The only issue before this court is whether defendants selected and the trial judge sustained a lawful procedural method for collection of the dividends. For purposes of this petition we assume without deciding that the dividends were wrongfully withheld.

The determination whether the trial judge had jurisdiction to enter the order is best made by examining the possible remedies for noncompliance with such order. A consideration of the nature of the order is crucial, since it determines the possible remedies. The order could be viewed alternatively as a money judgment, an injunction or a disciplinary order.

If the order is a money judgment, then it would be neither enforceable nor appealable unless the trial court enters an order to that effect under Rule 54(b) of the Federal Rules of Civil Procedure. Until then it is merely the resolution of an issue which may not be executed on and may be revised at any time before final judgment is entered in the whole case. Since the trial court expressly refused to make a Rule 54(b) finding, we must assume that the order is not a final money judgment for one of the claims in the action. Naturally, since there was no complaint, counterclaim or cross-claim, it cannot be a money judgment in a separate cause of action.

If it is a temporary restraining order or an injunction, the order ought to fail as an invalid injunction to pay money with its attendant, but unlawful, possibility of imprisonment for debt. The wisdom of the founding fathers which denied debtors' prisons a place in the American judicial process remains today unimpaired.

If the order is some sort of disciplinary measure in support of proceedings, we are neither told what those proceedings are nor enlightened regarding the authority for this order to pay a debt. We are thus unable to determine what, if any, sanctions attend the order.

Although the order itself does not inform us of its nature or authority, defendants have attempted to construct a theory under Rule 64 of the Federal Rules of Civil Procedure which in effect would permit a money judgment that is enforceable prior to appellate review. They argue that plaintiffs should not be permitted to seize property without complying with Rule 64 and that the district court on motion of defendants properly could order "return" of the dividends until petitioners complied with that rule. This argument fails on at least two grounds. First, Rule 64 deals with

seizures of property from the possession of another. There has been no seizure of property from defendants because the dividend "property" was never in their hands. Dividends which are declared but unpaid are merely a corporate debt owed to the shareholders and failure to pay such dividends when due gives the shareholders a *cause of action* on the debt. *See, e. g., Estate of Smith v. Commissioner,* 292 F.2d 478, 479 (3rd Cir. 1961), *cert. denied,* 368 U.S. 967, 82 S.Ct. 434, 7 L.Ed.2d 395 (1962); *Cole Real Estate Corp. v. Peoples Bank & Trust Co.,* 160 Ind.App. 88, 310 N.E.2d 275 (1974). Plaintiffs' failure to pay the declared and due dividends created in defendants a chose in action; it transferred no cash or other property subject to seizure. The order fails to distinguish between a chose in action for unpaid debt and transferred, seizable property. This is illustrated by the court's language referring to a "property interest" and commanding a "return" of the dividends. Defendants' attempt to convert this into a seizure case by reference to the checks they received hardly deserves mention. The dividend checks, until honored, merely constituted choses in action. They were not funds in the hands of the payees and the checks themselves were not seized. Unlike cash or chattel property, defendants' choses in action could not have been seizable property subject to the requirements of Rule 64.

■ Second, even if the dividends could be considered paid and in the possession of defendants, Rule 64 is inapposite since plaintiffs did not invoke a court's aid to "seize" the dividends. If any property was taken, it was pursuant to plaintiffs' self-help, not to a court proceeding. In such situations, the recognized method to obtain return of the property is by bringing a cause of action and not simply by making a motion. *Compare Culbertson v. Leland,* 528 F.2d 426 (9th Cir. 1975) *and Henderson v. Security National Bank,* 72 Cal.App.3d 764, 140 Cal.Rptr. 388 (1977) *with In re Cammaratta,* 60 Misc.2d 521, 302 N.Y.S.2d 710 (Sup.Ct.1969). Here the court was not involved in the setoff. Plaintiffs acted on their own. If, after the filing of an appropriate action or actions, plaintiffs are judged to have acted wrongfully, they will be subject to any of the possible consequences (corporate, contract or tort) which that action might entail and may not seek comfort from any judicial approval of their action in withholding those funds. If their action is ultimately adjudicated not wrongful, plaintiffs will have gambled and won.

■ Plaintiffs' reasons for withholding funds are irrelevant in determining whether the remedy lies in filing an action or a motion. Had they given a frivolous reason or none at all, the remedy would lie in an action or actions with attendant pleadings including rights of appeal. However worthy defendants' cause and however unjustified plaintiffs' action may have been, the trial court was without jurisdiction to enter what is in form an injunction to pay money based on a motion rather than a complaint.

■ While it may be argued a court has authority to preserve the res of a pending action, a debt is not such a res. Even so, orders to preserve a res are rendered to maintain the status quo and do not involve money judgments.

In summary, Rule 64 does not apply here. It applies to requests by a party for the assistance of the court in obtaining a prejudgment transfer by "arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies." Here there was neither a prejudgment transfer of property nor the invocation of any of the above court proceedings. Although plaintiffs obtained the same result through self-help, which may have been wrongful, the remedy lies not by making a motion but by filing an appropriate action.

What is remarkable about this case, where in essence defendants have asked the trial court for what is either an unenforceable order or an injunction to pay a debt, is the lack of case or rule or statutory authority for such a radical procedure. The only authority we have found holds that a motion may not be used under such circumstances to circumvent the orderly and rule-protected procedure of complaint and answer.

In *Lyon v. Smith*, 66 Mich. 676, 33 N.W. 753 (1887), for example, the Supreme Court of Michigan vacated a lower court's ruling which set aside a setoff of judgments. The lower court had rendered the order on motion during a pending suit between the affected parties. In granting a writ of mandamus the Michigan high court declared: "It is contrary to all right to finally determine legal claims on motion and affidavits." *Id.* at 678, 33 N.W. at 753. The court indicated the proper method for relief was to bring a "bill in equity" or other "legal" action and the lower court was held to have exceeded its authority by giving the question "interlocutory" treatment during the proceedings. *Id.* at 678, 33 N.W. at 754.

Similarly, in *In re Paschall*, 77 U.S. (10 Wall.) 483, 19 L.Ed. 992 (1871), the Supreme Court refused to permit a party on motion to set aside an attorney's setoff of money collected from a settlement against the fee owed to the attorney. The Court held that "the parties should be left to the usual remedy at law." *Id.* at 491–92.

The rationale of these cases is still valid. The protections afforded by pleading requirements should not be circumvented here. Although mandamus is an extraordinary writ, its use is appropriate to confine the district court to its lawful jurisdiction. *See Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943).

What has happened here is obvious. Defendants and, apparently, the trial court believe plaintiffs have gained an unfair advantage by withholding money they feel is plainly due defendants. Even when the trial court suggested that defendants follow lawful procedure by filing an action, they persisted in the motion in an effort to shift the temporary financial advantage while at the same time cutting off the rights of pleading and appeal which always are the rights of persons against whom a money judgment is sought. Those time tested procedures may not be circumvented merely because there is a pending action on another issue between the parties, even if that pending action enters into the motivation of an alleged debtor in not paying the debt.

Mandamus is granted and the case remanded with directions to vacate the order of March 28, 1978, and to conduct proceedings consistent with this opinion.