COOK *v.* CASUALTY ASS'N OF AMERICA.

1. JUDGMENT—ASSIGNMENTS—COLLATERAL ATTACK—REAL PARTY IN INTEREST.

Defendants' contention, in a suit in aid of execution, that the judgment was void because plaintiffs, to whom the claim was assigned after verdict but before judgment, were not substituted as plaintiffs in the original action after the assignment, and therefore the cause was not prosecuted in the name of the real party in interest, as required by 3 Comp. Laws 1915, § 12353, is a collateral attack upon the judgment and untenable.

2. SAME—AFFIRMATIVE DEFENSE SHOULD BE PLEADED.

Defendants' claim that the judgment was void because the plaintiff, a corporation, could not maintain an action during its delinquency in making annual reports and paying franchise fee is also a collateral attack, and the point, if sound,

was an affirmative defense which should have been pleaded in the action at law.

3. SAME—ASSIGNMENTS—WHEN OPERATIVE.

An assignment of judgment after verdict but before judgment rendered became operative as soon as it was recovered.

4. SAME—VALIDITY OF ASSIGNMENT.

The validity of an assignment of judgment is determined by the law of the State where the judgment is recovered.

5. SAME—FOREIGN CORPORATION WITH CAPACITY TO SUE COULD ASSIGN JUDGMENT.

An Illinois corporation which had capacity to sue in Michigan and recover a valid judgment had capacity to assign the judgment in Michigan.

6. EXECUTION—MAY BE ISSUED BY ASSIGNEE IN ASSIGNOR'S NAME.

An execution may be issued by an assignee in the name of the assignor, and that is proper practice.

7. CREDITOR'S SUITS—ASSIGNEE OF JUDGMENT NEED NOT TAKE OUT EXECUTION IN OWN NAME.

Where a judgment is assigned after return of execution unsatisfied, the assignee need not take out an execution in his own name before filing creditor's bill.

8. SAME—ASSIGNMENTS—PROCEDURE SUFFICIENT TO SUPPORT BILL.

Where, while an action at law was pending, the claim was assigned by plaintiff corporation to assignees who were not substituted as plaintiffs in said action, judgment was taken in the name of the corporation, and execution issued in its name and returned unsatisfied, the procedure was sufficient to demonstrate the inadequacy of legal process to secure payment of the judgment, and was sufficient to support a creditor's bill by the assignees, although before the execution was taken out, the corporation had been dissolved by court order.

Appeal from Wayne; O'Brien (Ernest A.), J. Submitted January 25, 1929. (Docket No. 140, Calendar No. 34,174.) Decided March 29, 1929.

Bill in aid of execution by Albert M. Cook of Illinois and G. Sweetman Smith of Michigan, assignees of the Cook Motors Corporation, an Illinois

corporation, in its own right and as assignee of the City Cartage Company, a Michigan corporation, against the Casualty Association of America, a Michigan reciprocal insurance association, and another. From a decree for plaintiffs, defendants appeal. Affirmed.

*Duncan C. McCrea* and *G. Sweetman Smith,* for plaintiffs.

*Milburn & Semmes,* for appellants.

FEAD, J. This is a judgment creditor's bill. The plaintiff in the original suit was Cook Motors Corporation, an Illinois corporation. After verdict, but before judgment, it assigned to plaintiffs its claim against defendant Casualty Association of America and all right to any judgment which might be recovered in the suit then pending in Wayne county. Plaintiffs here were not substituted as plaintiffs in that suit, but the cause proceeded to judgment in favor of Cook Motors Corporation as plaintiff and was affirmed on review (*Cook Motors Corp.* v. *Casualty Ass'n of America,* 239 Mich. 362). Execution was issued in the name of the corporation and returned unsatisfied. When the assignment was made, Cook Motors Corporation was delinquent in filing its annual report and payment of its annual franchise fees, as required by the law of Illinois. Before execution was issued, an order of dissolution and forfeiture of franchise had been entered against it in an Illinois court.

Defendants' contention that the judgment was void because, plaintiffs here not having been substituted in the suit at law for the original plaintiff after assignment to them, the cause had not been prosecuted in the name of the real party in interest,

as required by 3 Comp. Laws 1915, § 12353, is a collateral attack upon the judgment and untenable. *Williams* v. *Hubbard,* 1 Mich. 446; *Hall* v. *Dickinson,* 204 Mich. 545; 34 C. J. p. 522; *Bigelow* v. *Booth,* 39 Mich. 622; *Somers* v. *Losey,* 48 Mich. 294; 34 C. J. p. 559; *Blazewicz* v. *Weberski,* 234 Mich. 431.

Their claim that the judgment was void because Cook Motors Corporation could not maintain suit during its delinquency in making annual reports and paying franchise fees is also a collateral attack. The point, if sound, was an affirmative defense in the suit at law, and should have been pleaded. *Selznick Enterprises* v. *Garson Productions,* 202 Mich. 106.

Defendants further contend that the assignment was void because Cook Motors Corporation was so in default in filing its annual report and paying franchise fees, under section 128, chap. 32, Smith-Hurd Ill. Rev. Stat. 1927, which prohibits transaction of business in the State and denies right of action during such delinquency. The statute does not in terms make the contract void nor suspend the powers of the corporation. The assignment of judgment became operative as soon as the judgment was recovered. 34 C. J. p. 637. The validity of an assignment of judgment is determined by the law of the State where the judgment is recovered. 5 C. J. p. 941; 34 C. J. p. 639; *Vimont* v. *Railway Co.,* 69 Iowa, 296 (22 N. W. 906, 28 N. W. 612). As Cook Motors Corporation had capacity to sue in Michigan and recover a valid judgment, it had capacity to assign the judgment.

Defendants' remaining point is that the bill will not lie because the execution was issued in the name of the original plaintiff, none was issued in the name of the assignee, and, before the execution was taken out, the plaintiff corporation had been de-

clared dissolved by order of the Illinois court. An execution may be issued by an assignee in the name of the assignor. 23 C. J. p. 311. That is proper practice. 34 C. J. p. 643. Where a judgment is assigned after return of execution unsatisfied, the assignee need not take out an execution in his own name before filing creditor's bill. *Rankin* v. *Rothschild*, 78 Mich. 10. The procedure followed met the purpose of the requirement that execution be returned unsatisfied before bringing creditor's suit, in demonstrating the inadequacy of legal process to secure payment of the judgment, and defendants have shown no rights affected nor advantage lost thereby. It was sufficient to support the bill.

Decree for plaintiffs is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.