AMERICAN ELECTRICAL STEEL COMPANY v SCARPACE

Docket No. 58123. Decided December 31, 1976. On application for
leave to appeal by plaintiff, in lieu of leave to appeal, the
Supreme Court reversed the decision of the Court of Appeals in
a per curiam opinion.

Plaintiff American Electrical Steel Company applies for leave to
appeal from a decision by the Court of Appeals, T. M. Burns
and Bronson, JJ. (J. H. Gillis, P. J., dissenting) (Docket No.
21198) affirming a judgment by Wayne Circuit Court, George T.
Martin, J., for defendant Olga Scarpace in an action for specific
performance for the sale of land. The defendant entered into a
contract with the plaintiff for the sale of land, and signed the
contract on her own behalf and for her husband under a power
of attorney. The plaintiff paid a deposit to the real estate
broker for the land and obtained a zoning variance for it. The
defendant later refused to sell the land and the plaintiff ob-
tained other land for the same purpose. In lieu of leave to
appeal, a per curiam opinion was issued which *held:*

The defendant is estopped by her actions from asserting that
the power of attorney under which she signed her husband's
name was invalid. There is no support in the record for the
conclusion of the Court of Appeals that the plaintiff is un-
harmed. Land is a unique commodity and the plaintiff suffers
detriment by not getting the particular parcel it contracted to
purchase from the defendant. The defense of laches was not
raised by a party in the trial court, and could not properly be
raised *sua sponte* by the Court of Appeals.

Reversed and remanded.

Justice Levin would deny leave to appeal. It is inaccurate to
say that the Court of Appeals raised the issue of laches *sua
sponte,* because it was argued at both the trial and appellate
levels that specific performance should be denied because of the
plaintiff's delay in commencing the action. There is nothing of
jurisprudential significance in this case, and no reason to
interfere with the judgment of the Court of Appeals that the
plaintiff's delay barred equitable relief on the ground of laches.
It is not necessary to hear the case to avoid clear and material
injustice.

Chief Justice Kavanagh concurred with Justice Levin.

67 Mich App 189; 240 NW2d 755 (1976) reversed.

*Kahn & Kahn* for plaintiff.

*Gerald Curtis* for defendant.

PER CURIAM. American Electrical Steel Company, hereinafter referred to as American, brought this action in Wayne Circuit Court seeking specific performance of a land sales contract. The trial court denied relief and the Court of Appeals affirmed, Judge GILLIS dissenting, 67 Mich App 189; 240 NW2d 755 (1976). In lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the Court of Appeals and remand the case to the circuit court for further proceedings in accordance with this opinion.

The defendant, Olga Scarpace, and her husband Laurence owned certain nonhomesteaded land in Taylor, Michigan, as tenants by the entireties. In 1969, Mrs. Scarpace entered into a contract with American for the sale of this land. Mrs. Scarpace signed the contract on her own behalf, and for her husband, who was ill at the time, under a power of attorney executed several months earlier. She indicated on the contract that she was signing her husband's name under the power of attorney by adding the initials "P.A." after his name. She showed both her real estate broker and American a document entitled "Power of Attorney" which she claimed her husband had executed. The broker advised her that the power of attorney gave her the authority to sell the jointly held land. There is no evidence that Mrs. Scarpace acted in bad faith.

American paid a deposit of $500 to the broker and, at some expense, sought and obtained a zoning variance for the property. Subsequently, however, Mrs. Scarpace refused to sell the land. She said that she meant to sell the property for the

amount agreed upon when she signed the contract, but had changed her mind after learning that the property had increased in value.

Shortly after this, Laurence Scarpace died, and complete ownership of the land passed to Mrs. Scarpace. She still refused to sell the land. American then obtained the use of other land for the same purpose it had planned to use Mrs. Scarpace's land.

Approximately three years later, well within the statute of limitations, American brought this action for specific performance. Mrs. Scarpace defended on the theory that the power of attorney did not authorize her to sell her husband's interest in the land; and, since the land was jointly held, her signature alone was insufficient to ratify the contract with American. The trial court accepted this theory. The Court of Appeals affirmed on the grounds that American had failed to show that it was harmed, and that its action was barred by laches.

The principle that controls this case is equitable estoppel. We have described it as follows:

"Estoppel is a bar which precludes a person from denying the truth of a fact which has in contemplation of law become settled by the act of the party himself, express or implied. If one's conduct induces another to believe in the existence of certain facts, and the other acts thereon to his prejudice, the former is estopped to deny that the state of facts does in truth exist." *Detroit Savings Bank v Loveland,* 168 Mich 163, 172; 130 NW 678 (1911).

Applying this principle to the facts of this case, we find that Mrs. Scarpace is estopped by her actions from arguing that the power of attorney under which she signed her husband's name was

invalid. She represented to American that she was empowered to sign for her husband. She signed the contract in her name and for her husband. American was led to believe that the power of attorney was valid. Mrs. Scarpace cannot now assert the contrary.

The finding by the Court of Appeals that American suffered no detriment as a result of Mrs. Scarpace's failure to sell the land is incorrect. As Judge GILLIS said in dissent:

"No citation need be given for the proposition that land is thought to be a unique commodity under our legal system. Plaintiff has a right to defendant's land; it is harmed in not getting it. Furthermore, no testimony was taken as to plaintiff's costs in securing the other piece of property because no one at the trial stage thought it relevant. There is no support in this record for the majority's conclusion that plaintiff is unharmed." 67 Mich App 189 at 197.

American suffers detriment by not getting the particular parcel of property it contracted to purchase from Mrs. Scarpace.

The Court of Appeals also held that American's action for specific performance was barred by laches. The doctrine of laches was not raised by either party at the circuit court proceedings or on appeal. The majority opinion of the Court of Appeals improperly raised this issue *sua sponte*. If the defense of laches is not raised by a party in the trial court, the issue cannot be considered on appeal. *Boden v Renihan,* 299 Mich 226; 300 NW 53 (1941).

Reversed and remanded.

WILLIAMS, COLEMAN, FITZGERALD, LINDEMER, and RYAN, JJ., concurred.

LEVIN, J. *(dissenting).* I would deny leave to appeal.

The memorandum opinion overstates the matter. It is inaccurate to say that the Court of Appeals "raised this issue [of laches] *sua sponte".* The concept that specific performance should be denied because of plaintiff's delay in commencing the action was argued at both the trial and appellate levels. Defendant's lawyer asserted that plaintiff "abandoned" the agreement and that "this is laches on their part, their conduct constitutes laches, and this is an equitable action brought by them and we believe this is an equitable defense". Most of defendant's brief filed with the Court of Appeals is devoted to the issues raised by plaintiff-appellant but she also adverted to the over three year delay in commencement of the action, asserting that it was "only when the increase in real estate values caused the land to double in value that plaintiff commenced this action to buy the land at the 1969 price".[1]

The April 18, 1969 preliminary agreement was contingent on rezoning for manufacturing use. The rezoning was completed on August 4, 1969. This action was commenced over three years later on August 21, 1972.

While some of the delay in commencing this action might be attributable to uncertainty whether defendant would perform and concern over the validity of the power of attorney, Laurence Scarpace died April 17, 1970, two years and four months before this action was commenced.

The Court of Appeals concluded that the reason

[1] The court rule provides that "[o]rdinarily" no point will be considered by the Court of Appeals not set forth in the statement of questions involved. GCR 1963, 813.1. The language of the rule indicates that the Court of Appeals has authority to consider a question raised in the trial court and mentioned in the briefs even though it is not covered in the statement of questions involved.

for the delay was that after the plaintiff obtained replacement property it had no desire to enforce the agreement until it became apparent that, due to the passage of time, the subject land was worth more than the 1969 purchase price.

I see nothing of jurisprudential significance in this case, or why we would want to interfere with the judgment of the Court of Appeals majority that a delay of over three years in commencing this action supports the conclusion that plaintiff is barred from obtaining equitable relief on the ground of laches.[2] It is not necessary to hear this case to avoid clear error and material injustice.[3]

---

[2] Plaintiff had a right of action against Mrs. Scarpace for breach of implied warranty of authority to sign the agreement for her husband, which could be maintained at any time within the statute of limitations. Damages would be limited to the difference between the contract price and the resale price at the time of breach.

[3] "Appeal may be taken to the Supreme Court only upon application and leave granted, in the discretion of the Supreme Court, from any decision of the Court of Appeals, interlocutory or final, upon a showing of a meritorious basis for appeal and any one of the following grounds.

"(1) The subject matter of the appeal involves legal principles of major significance to the jurisprudence of the State.

"(2) The decision of the Court of Appeals is clearly erroneous and will cause material injustice.

"(3) The decision is in conflict with decisions of the Supreme Court or other Court of Appeals decisions.

"(4) In any appeal of an interlocutory order of the Court of Appeals, it must be shown that appellant would suffer substantial harm by awaiting final judgment before taking appeal." GCR 1963, 853.1.

Mrs. Scarpace signed her own name to the agreement and her husband's name as his attorney-in-fact on the advice of a real estate agent that a power of attorney dated November 17, 1967 conferred on her the requisite authority. Laurence Scarpace's health had been declining. He was adjudicated incompetent in December, 1969 and died in April, 1970. This action was commenced in August, 1972.

The trial judge said that Mrs. Scarpace entered into the agreement "upon being solicited by a real estate broker" and that the broker had gone with plaintiff's representatives to see the property 20 to 25 times but the broker "never saw Mrs. Scarpace" "before the time of signing". The broker, said the judge, "had interested himself very much in the sale of the property, and had talked to Mrs. Scarpace. It

## KAVANAGH, C. J., concurred with LEVIN, J.

appears Mrs. Scarpace was in a troubled state of mind with her husband's illness, with Internal Revenue problems, and the record is definite on those points".

Mrs. Scarpace signed her husband's name "at the request and with instructions as to signing from the real estate broker". The broker "saw the power of attorney but did not attach it to the purchase agreement for the benefit of the plaintiff".

The judge said that when Olga Scarpace refused to go through with the transaction, "plaintiff was forced to obtain less desirable property". He said that "there should have been more attention paid to the terms of the power of attorney by the real estate broker and all those interested in the property".

He declined to award damages except for expenses attributable to the rezoning in the amount of $650 and directed that a judgment be entered in plaintiff's favor for that amount plus court costs and attorney fees of $146.15.