HORTON v CITY OF KALAMAZOO

1. MUNICIPAL CORPORATIONS—CREDIT—PRIVATE PURPOSE—TAXING POWER—PUBLIC PURPOSES—CONSTITUTION.

The Michigan Constitution forbids a city to loan its credit for a private purpose, or to exercise its taxing power for anything but public purposes; public funds cannot be used to further a private enterprise (Const 1963, art 7, §§ 21, 26).

2. STATES—MUNICIPAL CORPORATIONS—LEGISLATIVE ACTS—GOVERNMENT POWERS—PUBLIC PURPOSE.

The state and its political subdivisions are limited to such legislative acts and such governmental powers as exhibit a public purpose.

3. MUNICIPAL CORPORATIONS—POLICE POWER—PROPER PURPOSE.

The protection of the public from illegal activity is a proper purpose for the exercise of the police power.

4. MUNICIPAL CORPORATIONS—LEGISLATIVE BODY—ACTIONS—PRESUMPTIONS.

The actions of a municipal legislative body enjoy a presumption of validity.

5. CONSTITUTIONAL LAW—PUBLIC PURPOSE—COURTS—LEGISLATIVE DETERMINATIONS.

The courts are especially deferential toward legislative determinations of public purpose since a determination of what constitutes a public purpose involves considerations of economic and

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5] 56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 588–591.

[2] 56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 229, 230.

[3] 56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions §§ 438–442.

[4] 56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions § 502.

[5–7] 56 Am Jur 2d, Municipal Corporations, Counties and Other Political Subdivisions § 230.

[8] 5 Am Jur 2d, Appeal and Error § 612.

social philosophies and principles of political science and government that should be made by the elected representatives of the people.

6. MUNICIPAL CORPORATIONS—EXPENDITURES—PUBLIC PURPOSE—PRIVATE PARTIES—BENEFITS—COST.

An expenditure serves a public purpose, even if private parties also profit from it, where the likely benefits of the expenditure to the community outweigh its likely cost; payments made to private parties may serve a public purpose.

7. MUNICIPAL CORPORATIONS—EMPLOYER-EMPLOYEE—REIMBURSEMENT —MATTERS OF INTEREST TO CITY—PERSONAL BENEFIT.

A city may properly reimburse an employee for expenses incurred in presenting the city's case to a decision-maker on a matter of undoubted interest to the city where there is no apparent prospect of personal benefit to the employee himself.

8. APPEAL AND ERROR—ISSUES NOT HEARD IN LOWER COURT.

A claim may not be reviewed for the first time on appeal where it was not the subject of a ruling by the court below.

Appeal from Kalamazoo, Raymond W. Fox, J. Submitted December 8, 1977, at Grand Rapids. (Docket No. 77-1376.) Decided January 24, 1978.

Complaint by Jeffrey B. Horton against the City of Kalamazoo, several individual members of the City Commission of the City of Kalamazoo, three city attorneys, and a city police officer seeking to enjoin the city from providing funds and services for expenses incurred by the police officer in suits brought by him to abate public nuisances, and for an accounting and restitution. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Holman, Pelletier & Horton,* for plaintiff.

*Morris & Culver, P. C.,* for defendants.

Before: DANHOF, C. J., and T. M. BURNS and M. J. KELLY, JJ.

Per Curiam. Defendant city, through its city commission, furnished legal counsel to defendant Fouts, a city police officer, and agreed to pay his costs in three actions brought by Fouts in the name of the state under the padlock law, MCLA 600.3805; MSA 27A.3805, to abate public nuisances. Plaintiff sued to enjoin the providing of funds and services, sought restitution and an accounting. The trial court held that the expenditures were for a public purpose. From its grant of summary judgment in favor of the defendants, plaintiff appeals.

The Michigan Constitution forbids a city to loan its credit for a private purpose, Const 1963, art 7, § 26, or to exercise its taxing power for anything but public purposes, Const 1963, art 7, § 21. The state and its political subdivisions are limited to "such legislative acts and such governmental powers as exhibit a public purpose". *Gaylord v Gaylord City Clerk,* 378 Mich 273, 295; 144 NW2d 460 (1966). Public funds cannot be used to further a private enterprise. *McManus v Petoskey,* 164 Mich 390, 395; 129 NW 681 (1911), *Skutt v Grand Rapids,* 275 Mich 258; 266 NW 344 (1936). But what constitutes a public purpose cannot be precisely defined; to a considerable extent each case has to be decided on its own facts. *Gregory Marina, Inc v Detroit,* 378 Mich 364, 393; 144 NW2d 503 (1966) (opinion by T. M. Kavanagh, C. J.), 2 McQuillin, Municipal Corporations (3d ed), § 10.31, pp 817–818.

The actions brought by Fouts with the city's assistance are intended to abate alleged nuisances which are claimed to be the scenes of illegal activity. "It cannot be doubted that the protection of the public from illegal activity is a proper purpose for the exercise of police power". *Tally v*

*Detroit,* 54 Mich App 328, 336; 220 NW2d 778 (1974).

The actions of a municipal legislative body enjoy a presumption of validity. *Id.* at 335, *Watnick v Detroit,* 365 Mich 600, 606; 113 NW2d 876 (1962). The courts are especially deferential toward legislative determinations of public purpose, "[f]or determination of what constitutes a public purpose involves considerations of economic and social philosophies and principles of political science and government. Such determinations should be made by the elected representatives of the people". *Gregory Marina, Inc v Detroit,* 378 Mich 364, 394; 144 NW2d 503 (1966) (opinion by T. M. KAVANAGH, C. J.), see 2 McQuillin, *supra,* § 10.31, p 817. Justice O'HARA's opinion in *Gregory Marina* went even further: "In Michigan, constructing and operating a marina is a 'public purpose' because the legislature, whose business it is, said so". 378 Mich at 406. Long ago Justice COOLEY, in *The People ex rel The Detroit & Howell R Co v The Township Board of Salem,* 20 Mich 452, 475; 4 Am Rep 400 (1870), stated:

"I do not understand that the word *public,* when employed in reference to this power, is to be construed or applied in any narrow or illiberal sense, or in any sense which would preclude the Legislature from taking broad views of State interest, necessity or policy, or from giving those views effect by means of the public revenues. Necessity alone is not the test by which the limits of State authority in this direction are to be defined, but a wise statemanship must look beyond the expenditures which are absolutely needful to the continued existence of organized government, and embrace others which may tend to make that government subserve the general well-being of society, and advance the present and prospective happiness and prosperity of the people." (Emphasis in original.)

Since that time the trend in Michigan and nationally has been toward an even more flexible concept of public purpose. *Gaylord v Gaylord City Clerk, supra,* at 299, 2 McQuillin, *supra,* § 10.31, p 818.

Although the nuisance abatement suits brought by Fouts are nominally the actions of a private individual, that does not in itself preclude a finding that the city's assumption of their costs serves a public purpose. So far as the record reveals, the benefits of successfully prosecuting the suits would inure to the citizens of Kalamazoo generally, not just to Fouts. If the likely benefits of an expenditure to a community outweigh its likely costs, the expenditure serves a public purpose even if private parties also profit from it. *Gaylord v Gaylord City Clerk, supra,* at 296–297. Payments made to private parties may serve a public purpose. An example is *Hays v Kalamazoo,* 316 Mich 443; 25 NW2d 787; 169 ALR 1218 (1947), where the Supreme Court held that it served a public purpose for the City of Kalamazoo to join and pay dues to the Michigan Municipal League, a private association set up to lobby for municipal interests. Even closer to the situation at hand is *Meehan v Parsons,* 271 Ill 546; 111 NE 529 (1916), cited approvingly in *Hays, supra,* at 463, in which a city reimbursed its mayor for expenses incurred in traveling to Washington to seek Federal aid for the construction of levees. There, as here, a city properly reimbursed an employee for expenses incurred in presenting the city's case to a decision-maker on a matter of undoubted interest to the city but offering no apparent prospect of personal benefit to the employee himself.

On appeal, plaintiff advances for the first time the argument that the nuisance abatement suits were not brought in the name of the real party in

interest, contrary to MCLA 600.2041; MSA 27A.2041 and GCR 1963, 201.2. We do not pass on that issue because it is untimely raised. *Cook v Casualty Ass'n of America,* 246 Mich 278, 280–281; 224 NW 341 (1929), *American Electrical Steel Co v Scarpace,* 399 Mich 306, 309; 249 NW2d 70 (1976), *Three Lakes Association v Whiting,* 75 Mich App 564, 575; 255 NW2d 686 (1977).

Affirmed.