COUNTRY TWEEDS, INC., Appellant, *v.* CLYDE FASHIONS, LTD., Respondent.

First Department, October 25, 1955.

*Nathan Frankel* of counsel (*Barshay & Frankel,* attorneys), for appellant.

*Frank L. Miller* of counsel; *Jacob W. Friedman* with him on the brief (*Frank L. Miller,* attorney), for respondent.

*Per Curiam.* Special Term granted defendant's motion for summary judgment and dismissed the complaint in this action for an injunction and for damages arising from infringement of a common-law trade-mark and from unfair competition. The determination was made solely on the ground that the plaintiff corporation had been legally dissolved after the institution of this action and that said corporation was therefore no longer in existence. Plaintiff corporation had assigned all its assets,

including this lawsuit, to a limited partnership that was composed of the corporation's stockholders. The limited partnership continued the identical business formerly conducted by the corporation and assumed the corporation's liabilities.

A corporation which has been voluntarily dissolved enjoys a *de jure* existence for the purpose of winding up its affairs and with that end in view may, among other functions, sue and be sued in its corporate name (General Corporation Law, § 29; Stock Corporation Law, § 105, subd. 8). Section 83 of the Civil Practice Act provides that in the event of a transfer of interest the action may be continued by or against the original party, and that the transferee of the interest in litigation may be substituted in the place of the original party. Before the order on the motion for summary judgment was entered plaintiff moved to have the partnership added or substituted as a party plaintiff. This motion was denied, on the ground that plaintiff had been guilty of laches.

The cause of action survived the dissolution of the corporation (*Garzo* v. *Maid of Mist Steamboat Co.*, 303 N. Y. 516, 524; *Orr & Co.* v. *Fireman's Fund Ins. Co.*, 235 App. Div. 1, 2; *Phillips* v. *West Rockaway Land Co.*, 203 App. Div. 202; *Hirshfeld* v. *Fitzgerald,* 157 N. Y. 166); and since there are issues of fact that must await trial the motion for summary judgment should have been denied. The delay in bringing the motion for the addition or substitution of the partnership as a party plaintiff has been explained satisfactorily, and in the proper exercise of discretion the substitution of the partnership as a party plaintiff should have been allowed. The orders appealed from should be reversed, the motion made by defendant for summary judgment should be denied, and the motion made by plaintiff to substitute the partnership as party plaintiff should be granted. The case should be restored to the day calendar at Special Term Part III for November 4, 1955.

PECK, P. J., COHN, BREITEL, BOTEIN and Cox, JJ., concur.

Orders unanimously reversed, the motion made by defendant for summary judgment denied, and the motion made by plaintiff to substitute the partnership as party plaintiff granted. The case should be restored to the day calendar at Special Term Part III for November 4, 1955. Settle order on notice. [See *post,* p. 1089.]