Abraham N. Geller, J.
Plaintiffs, injured in a multiple automobile accident on January 22, 1966, have- moved for an order directing that service of the summons and complaint on defendant Virginia Crespo be accomplished by service upon her insur *148 anee carrier. Plaintiffs are thus invoking CPLR 308 (subd. 4), under which the court may direct service in some other manner if service is impracticable under CPLR 308 (subds. 1, 2, 3). On January 16, 1969, just before the expiration of the Statute of Limitations, plaintiffs delivered the summons and complaint for service upon her to the Sheriff of the City of New York, Bronx County Division, that being the county in which she was known to have last resided, in order to obtain the 60-day extension of the statute provided by CPLR 203 (subd. [b], par. 4).
The carrier urges in opposition that plaintiffs have not shown due diligence in their efforts to serve her. It appears from the papers submitted that the police-aided card showed a certain Brooklyn address for her. Substituted service was allegedly made by a process server at that address. An answer was served on her behalf by the attorney retained by the carrier, interposing an affirmative defense of lack of jurisdiction for improper service. Plaintiffs subsequently withdrew the hearing ordered before a Special Referee on the issue of service and after further investigation ascertained a Bronx address. The carrier’s objection is that had plaintiffs proceeded promptly they would have been enabled to serve her at that address before she moved therefrom. In any event, plaintiffs were unable to serve her through a process server, and the Sheriff has now advised that she is not living at that address.
There have been difficulties also with respect to the driver of that automobile. Defendant Crespo’s answer had admitted that defendant, one named Juan Andujar, had operated her vehicle with her consent. Substituted service upon him resulted in a hearing in January, 1969 on the issue of service. Some confusion as to his address also was shown and that service was obviously insufficient. More importantly, the hearing revealed for the first time that Juan Andujar had not been the driver but that, as also testified to at a motor vehicle hearing, someone known vaguely to Virginia Crespo had evidently found Andujar’s lost papers, used his name and obtained permission from her to drive her car, using Andjuar’s papers at the time of the accident. She testified at the motor vehicle hearing that she did not know the man who really was Juan Andujar. Service was thereafter effected just before expiration of the statute by plaintiffs on Juan Andujar for whatever value it might have, his answer through the carrier’s attorney now being a denial that he had been the driver of the Crespo car.
Under these circumstances, plaintiffs should not be penalized for failure to exercise that degree of diligence which might possibly have resulted in successful service.
*149 There is, however, a specific basis for granting this motion. Plaintiffs have ascertained and state in these papers that counsel for other plaintiffs in the actions growing out of this accident wrote to the carrier as to their inability to serve Virginia Crespo and, as a result, the carrier ‘1 accepted the summons and complaint and served an answer on February 3, 1967 on behalf of Virginia Crespo ”. The carrier in its opposing papers has not referred in any way to this subject.
Where an insurance carrier is shown to have sufficiently participated in and been informed of the proceedings following an accident in which its insured has been involved.and, because of incorrect or changed address without leaving a forwarding address, there is inability to serve the assured, the court may exercise its discretion under CPLR 308 (subd. 4) to direct in an
appropriate ease service to be made on his carrier (Keller v. Rappoport, one of the tri-partite cases cited under Dobkin v. Chapman, 21 N Y 2d 490; Lerman v. Church, 54 Mise 2d 402).
Considering all of the circumstances, the impact of the Statute of Limitations, and particularly the undisputed acceptance of service with respect to other plaintiffs injured in this multiple accident, it is deemed that the constitutional requirements of due process will be satisfied by granting the relief requested by these plaintiffs.