OPINION OF THE COURT
Richard D. Huttner, J.
Before the court are: (1) defendants’ motion for an order pursuant to CPLR 3212, dismissing the complaint for lack of in personam jurisdiction, or, in the alternative, for a protective order pursuant to CPLR 3103 to prevent disclosure of confidential tax returns, and the books and records of a nonparty; and (2) plaintiff’s cross motion for an order pursuant to CPLR 3212 for summary judgment.
In the case at bar, plaintiff brought a motion by order to show cause dated October 19, 1988 for a preliminary injunction. Defendant appeared in opposition and the motion was denied. The summons and complaint were not separately served but rather were stapled inside the order to show cause. Issue was joined by service of defendant’s answer on January *499 31, 1989 wherein defendant raised the affirmative defense of lack of personal jurisdiction.
The threshhold issue before this court is whether there was service of the summons and complaint sufficient to confer jurisdiction over the person of the defendant. It is fundamental that due process requires that service be effectuated in a manner reasonably calculated to afford notice of a proceeding to interested parties. (Mullane v Central Hanover Trust Co., 339 US 306.)
In New York, service is effective only when it is made strictly pursuant to the appropriate method authorized by the CPLR. (Markoff v South Nassau Community Hosp., 61 NY2d 283, 288; Macchia v Russo, 67 NY2d 592.) Indeed, in a challenge to service of process, the fact that notice of the action has been received is of no moment if the notice is by means other than those authorized by statute. (Macchia v Russo, supra, at 595.)
CPLR 304 provides that while a special proceeding may be commenced and jurisdiction acquired by service of an order to show cause, an action, on the other hand, is commenced and jurisdiction acquired by service of a summons. (Gomez v Bobker, 104 AD2d 790.) At best, the summons and complaint appeared to be mere exhibits to the order to show cause, and as such were insufficient for the commencement of an action and acquisition of jurisdiction over the person of the defendant. (Cf., Matter of Cammaratta, 60 Misc 2d 521.)
The court is without jurisdiction to address the other issues raised by the parties since the action was not commenced pursuant to law.
Accordingly, the complaint is dismissed without prejudice.