■ FRANK P. PALLADINO, Individually and Doing Business as PALLADINO TRUCKING, Respondent, v RICHARD H. SARGENT, ESQ., et al., Appellants, and SALVATORE J. PIEMONTE, ESQ., et al., Respondents. [776 NYS2d 654]—

Appeal from an order of the Supreme Court, Onondaga County (William R. Roy, J.), entered February 4, 2003 in a legal malpractice action. The order, insofar as appealed from, denied the cross motion of defendants Richard H. Sargent, Esq., Tamara M. Gilmore, Esq., and Sargent, Levin, Cramer & Meyers, LLP to dismiss the action against them and granted

plaintiff's "cross/cross motion" for leave to amend the ad damnum clause of the summons with notice, nunc pro tunc.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action by filing a "Summons with Notice" pursuant to CPLR 304. Shortly thereafter plaintiff filed an "AMENDED SUMMONS," changing only the sum of money for which judgment was sought. Plaintiff attached the initial summons with notice as an exhibit to a motion for summary judgment in lieu of complaint (see CPLR 3213) and attempted to serve the amended summons, motion and exhibits on defendants Richard H. Sargent, Esq., Tamara M. Gilmore, Esq., and Sargent, Levin, Cramer & Meyers, LLP (collectively, Sargent defendants).

The Sargent defendants contend that they were not properly served because the initial summons with notice was not served separately, but instead was included as an attachment to the motion for summary judgment. Additionally, Gilmore contends that she was never properly served with anything. Supreme Court denied the cross motion of the Sargent defendants to dismiss the action against them and granted that part of plaintiff's "cross/cross motion" for leave to amend the ad damnum clause of the summons with notice, nunc pro tunc. Plaintiff had also requested, if necessary, an extension of time beyond the 120 days provided by CPLR 306-b to cure any service defects; it is apparent from the court's failure to address that request that the court found no such defects.

The record establishes that Sargent accepted timely service of the papers individually and on behalf of the firm. Whether Sargent also accepted service on behalf of Gilmore pursuant to CPLR 308 (b) is disputed, but it is undisputed that plaintiff failed to mail the summons to Gilmore at either her last known address or her place of business and thus failed to complete service on Gilmore even if the action was properly commenced. Plaintiff ultimately effected personal service on Gilmore, but not until 24 days after the 120 days provided in CPLR 306-b had expired, without first obtaining a court order. We nevertheless conclude that plaintiff's alternative request for an order authorizing such relief nunc pro tunc in the interest of justice, which was not addressed by the court, has merit (see generally Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 103-106 [2001]). The delay was short, the statute of limitations has now expired, and Gilmore is represented by the same attorney as Sargent and her law firm, both of whom were timely served. Thus, to the extent that the court denied the Sargent defen-

dants' cross motion to dismiss based on Gilmore's unique circumstance, we affirm.

The Sargent defendants also contend that service was invalid because the initial summons was never served separately on any of them; it was served only as an attachment to the motion for summary judgment. There is "no statutory requirement that the summons must be served alone" (*Matsuo v Matsuo*, 92 AD2d 710, 710 [1983]; *see* CPLR 308; *but see Iglesias v Rodriguez*, 143 Misc 2d 498 [1989]). Personal service of the summons is complete when the summons is "deliver[ed]" (CPLR 308 [1]), and "[a]ll the process server has to do is tender the summons to the defendant" (Siegel, NY Prac § 66, at 93 [3d ed]). Under the circumstances of this case, we conclude that the Sargent defendants received "notice reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]; *see Dobkin v Chapman*, 21 NY2d 490, 503 [1968]; *Harkness v Doe*, 261 AD2d 846, 847 [1999]). Thus, the court properly denied that part of the cross motion of the Sargent defendants seeking to dismiss the action against them for lack of personal jurisdiction (*see* CPLR 3211 [8]).

We further conclude that the court properly granted that part of plaintiff's "cross/cross motion" for leave to amend the ad damnum clause of the summons with notice, nunc pro tunc. Assuming, arguendo, that leave was required, we conclude that it was properly granted because the amendment did not prejudice a substantial right of the Sargent defendants (*see* CPLR 305 [c]). Present—Pine, J.P., Wisner, Kehoe, Gorski and Hayes, JJ.