L & L DEVELOPERS OF GREATER ROCHESTER, INC., Respondent, v NYNA ELECTRIC CORPORATION, Appellant. [860 NYS2d 342]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered February 24, 2007. The order, insofar as appealed from, denied that part of defendant's motion seeking to dismiss the negligence causes of action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action alleging that its property was damaged by a fire on March 24, 2003. Plaintiff filed its summons and complaint on March 24, 2006 and, within the 120-day time period required by CPLR 306-b, plaintiff served the summons and complaint upon an individual at an address obtained by plaintiff's counsel through Internet searches. Defendant did not answer the complaint and, by order dated August 31, 2006, Supreme Court granted plaintiff's motion for a default judgment and ordered an inquest on damages. When the order entered upon defendant's default was served on defendant's counsel, defendant moved, inter alia, to vacate the default and to dismiss the negligence causes of action as time-barred on the ground that the individual served with the summons and complaint was not affiliated with defendant, nor was the address where service was effectuated defendant's place of business. Plaintiff cross-moved approximately two weeks later for an extension of time in which to serve its summons and complaint on defendant. The court, inter alia, granted that part of the motion of defendant seeking to vacate the order entered upon its default, denied that part of defendant's motion with respect to the negligence causes of action and granted plaintiff's cross motion.

Under the circumstances of this case, and upon consideration of the appropriate factors (*see generally Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]; *Palladino v Sargent*, 6 AD3d 1082, 1083-1084 [2004]; *Busler v Corbett*, 259 AD2d 13, 15-17 [1999]), we conclude that the court providently

exercised its discretion "in the interest of justice" in granting plaintiff's cross motion and in denying that part of defendant's motion with respect to the negligence causes of action (CPLR 306-b; *see generally Leader*, 97 NY2d at 105-106; *Palladino*, 6 AD3d at 1083-1084; *Busler*, 259 AD2d at 15-17). Most notably, "[d]efendant failed to show any prejudice, particularly in light of some evidence in the record that it had actual notice of the action" (*Scarabaggio v Olympia & York Estates Co.*, 97 NY2d 95, 107 [2001]). Present—Hurlbutt, J.P., Lunn, Fahey, Peradotto and Pine, JJ.