**MGD-2 Doe v Shorefront YM-YWHA
of Brighton-Manhattan Beach, Inc.**

2025 NY Slip Op 30115(U)

January 10, 2025

Supreme Court, Kings County

Docket Number: Index No. 520282/2021

Judge: Joanne D. Quiñones

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an I.A.S. Term, Part CVAP3, of the Supreme Court, held in and for the County of Kings at the Courthouse located at 360 Adams Street, Brooklyn, NY 11201, on the **10th** day of **January, 2025**.

P R E S E N T:

    **HON. JOANNE D. QUIÑONES**
        Justice of the Supreme Court

-------------------------------------------------------------------------------x

 MGD-2 DOE,

                          Plaintiff,

             - against –

SHOREFRONT YM-YWHA OF BRIGHTON-MANHATTAN BEACH, INC.; ASSOCIATED YM-YWHAS OF GREATER NEW YORK, INC.; UJA OF GREATER NEW YORK, INC.; UJA – FEDERATION OF NEW YORK; UNITED JEWISH APPEAL – FEDERATION OF JEWISH PHILANTHROPIES OF NEW YORK, INC.; JEWISH COMMUNITY CENTERS ASSOCIATION OF NORTH AMERICA; JCC ASSOCIATION; AND FLORENCE G. HELLER – JCC ASSOCIATION RESEARCH CENTER, INC.,

                        Defendants.

-------------------------------------------------------------------------------x

Index No.: 520282/2021

**DECISION & ORDER**
**Motion Sequence Nos. 2-3**

Recitation, as required by CPLR 2219 (a) of the papers considered in review of these motions:

| Papers | NYSCEF Document Nos. |
|---|---|
| Order to Show Cause, Affidavits (Affirmations), Exhibits Annexed | 17-38, 59 |
| Notice of Motion, Affidavits (Affirmations), Exhibits Annexed | 39-48, 60 |
| Answering Affidavits (Affirmations) and Exhibits Annexed | 49-58 |
| Reply Affidavits (Affirmations) and Exhibits Annexed | 61-62 |
| Correspondence from Counsel | 64-66 |

**Appearances of Counsel:**

*Bonina & Bonina, P.C. (John Bonina, Esq.)*, for plaintiff

*Fullerton Beck, LLP (Brandon Berkowski, Esq.)*, for UJA of Greater New York, Inc.; UJA–Federation of New York; United Jewish Appeal–Federation of Jewish Philanthropies of New York, Inc.; and Shorefront YM-YWHA of Brighton-Manhattan Beach, Inc., defendants

Page **1** of **10**

[* 1]

## OPINION OF THE COURT

Plaintiff moves by order to show cause for an order: (1) directing that service of the summons and complaint on defendant Associated YM-YWHAs of Greater New York, Inc. (Associated Y) be made by delivery of the summons and complaint to defendant UJA–Federation of New York, pursuant to CPLR 311(b); and (2) extending the time for service of the summons and complaint upon defendant Associated Y to 60 days after the date of the court's determination on this motion (motion sequence no. 2).

Defendants UJA of Greater New York, Inc.; UJA–Federation of New York; and United Jewish Appeal–Federation of Jewish Philanthropies of New York, Inc. (collectively, UJA) cross-move for an order: (1) dismissing the action, pursuant to CPLR 3211(a)(4), because of a prior action pending between the same parties asserting the same or similar claims; and (2) dismissing the action, pursuant to CPLR 3025, for Plaintiff's purported improper application to amend a prior complaint (motion sequence no. 3).  By the same cross-motion, defendant Shorefront YM-YWHA of Brighton Manhattan Beach, Inc. (Shorefront) moves for an order dismissing the complaint for lack of personal jurisdiction, pursuant to CPLR 3211(a)(8) and 306-b (motion sequence no. 3).[1]

### RELEVANT FACTS

On August 5, 2020, Plaintiff commenced an action under index number 514205/2020 against Shorefront YM-YWHA of Brighton-Manhattan Beach, Inc.; UJA of Greater New York, Inc.; UJA – Federation of New York; United Jewish Appeal – Federation of Jewish Philanthropies of New York, Inc. (the 2020 action).[2]  In the 2020 action, the complaint alleges that Plaintiff was repeatedly sexually abused from 1983 (age 12) through 1987 (age 15) while participating in a basketball program at Shorefront (*see* NYSCEF Doc No. 116, amended complaint, in *MGD-2 Doe v Shorefront et al.*, Sup Ct, Kings County, Index No. 514205/2020).

In December 2020, Shorefront moved for summary judgment and to dismiss the 2020 action on the ground, among other theories, that it did not exist as a legal entity until 1991.  UJA simultaneously moved to dismiss and for summary judgment on the ground, inter alia, that it owed no legal duty.  Plaintiff cross-moved for summary judgment on the issue of successor liability against

---

[1] These motions were filed on November 22, 2021 and December 30, 2021, respectively.  The undersigned was assigned as the motion court on or about November 22, 2024.

[2] Plaintiff's summons in the 2020 action initially included Jewish Community Centers Association of North America, JCC Association, and Florence G. Heller – JCC Association Research Center, Inc., as defendants.  The action was discontinued as to these defendants by stipulation dated January 12, 2023 (*see* NYSCEF Doc No. 120, stipulation of discontinuance, in *MGD-2 Doe v Shorefront et al.*, Sup Ct, Kings County, Index No. 514205/2020).

Shorefront and UJA, leave to file an amended summons and complaint adding Associated YM-YWHAs of Greater New York, Inc. as a defendant, and other related relief.

On August 10, 2021, Plaintiff commenced the instant action under index number 520282/2021 against the same named defendants plus Associated Y for the same abuse alleged in the 2020 action.

By order dated September 22, 2022, in the 2020 action, another justice of this court denied all applications to dismiss the complaint and for summary judgment finding that "there are questions of fact that preclude judgment at this time" (NYSCEF Doc Nos. 107-109, Order, in *MGD-2 Doe v Shorefront et al.*, Sup Ct, Kings County, Index No. 514205/2020). Further, Plaintiff was granted leave to file an amended summons and complaint, to add Associated Y as a defendant, which Plaintiff served and filed on January 6, 2023 (*id.*; *see* NYSCEF Doc Nos. 115-116, amended summons and complaint, in *MGD-2 Doe v Shorefront et al.*, Sup Ct, Kings County, Index No. 514205/2020).

## ANALYSIS

### Dismissal as to Shorefront

Shorefront seeks dismissal of the action against it for improper service. Specifically, it alleges that Plaintiff failed to separately serve the summons and complaint and merely attached said documents as exhibits to the instant order to show cause.

CPLR 306-b requires a plaintiff to serve a copy of the summons and complaint upon the defendant within 120 days of commencement of the action. Service of the summons and complaint upon a corporation must strictly comply with the service methods enumerated in CPLR 311(a)(1) (*see Macchia v Russo*, 67 NY2d 592, 595 [1986] ["Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court"]). Failure to timely and properly serve the summons and complaint is a "jurisdictional" defect that deprives the court of jurisdiction over any defendant that is not properly served (*see Everbank v Kelly*, 203 AD3d 138, 142-143 [2d Dept 2022]).

Although plaintiff "bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Roberts v Anka*, 45 AD3d 752, 753 [2d Dept 2007]), a process server's sworn affidavit of service is prima facie evidence that service was proper pursuant to CPLR 311(a)(1) (*see Hayden v S. Wine & Spirits of Upstate New York, Inc.*, 126 AD3d 673, 674 [2d Dept 2015]; *McIntyre v Emanuel Church of God In Christ, Inc.*, 37 AD3d 562, 562 [2d Dept 2007]).

Page **3** of **10**

[* 3]

This action was commenced on August 10, 2021; therefore, the time to serve expired on December 8, 2021. Plaintiff's first affidavit of service indicates that the summons and complaint were initially served upon Shorefront on August 24, 2021, by personal service on "Kayla Bickel – Managing Agent" at the UJA-Federation offices (*see* NYSCEF Doc No. 57, Plaintiff's Opp Exhibit H; NYSCEF Doc No. 49, Plaintiff's Opp ¶ 28). Plaintiff contends that "[w]hen counsel for these defendants took the position that this did not constitute proper service, [Plaintiff] re-served defendant Shorefront at the Shorefront location in Brighton Beach" (*see* NYSCEF Doc No. 49, Plaintiff's Opp ¶ 28). A second affidavit of service indicates that on December 2, 2021, Plaintiff served Shorefront with the summons and complaint by personal service on "Tanya Vigdorchik – Managing Agent" (*see* NYSCEF Doc No. 58, Plaintiff's Opp Exhibit I). Thus, the process server's affidavit of service constitutes prima facie evidence that service was timely made upon a duly authorized agent pursuant to CPLR 311(a)(1).

A process server's affidavit may be rebutted by "a sworn denial of service containing specific facts" (*Ross v Sunrise Home Improvement*, 186 AD3d 633, 634 [2d Dept 2020]; *see Eur. Am. Bank v Abramoff*, 201 AD2d 611, 612 [2d Dept 1994]). Shorefront annexed an affidavit of Tatyana Vigdorchik – Shorefront's human resources, payroll, and benefits administrator – upon whom process was purportedly served (*see* NYSCEF Doc No. 62). Vigdorchik does not deny that she was authorized to receive service on behalf of Shorefront, that she was at work on December 2, 2021 when service was effectuated, or that she was the person referenced in the process server's affidavit. Instead, Vigdorchik attests that a process server entered the location and delivered a stack of documents, which she described as,

> grouped into five bundles, corresponding to five individual legal matters against Shorefront brought by the following plaintiffs: *Breska*, *Ganzman*, *MGD-2 Doe*, *Rosen*, and *Bellafiore*. Each bundle had an Order to Show Cause on top followed by an Attorney's Affirmation, several exhibits labeled "A" through "Q," and a Request for Judicial Intervention. The process server did not deliver any other documents on December 2, 2021 except for these five bundles comprising the Orders to Show Cause

(NYSCEF Doc No. 62, Vigdorchik Aff ¶ 3). In other words, Vigdorchik claims that the process server merely delivered Plaintiff's order to show cause with a copy of the summons and complaint annexed as Exhibit A but did not separately serve the summons and complaint (*see* NYSCEF Doc No. 61, Defendants' Reply ¶¶ 20-29).

[* 4]

It is unclear from the second affidavit of service whether the summons and verified complaint were served separately or only as an exhibit to the order to show cause. In one instance, the affidavit states that the documents served were the summons and verified complaint. Yet, another portion of the affidavit states, "deponent knew said corporation so served to be the corporation described in said *Order to Show Cause* as said defendant" (NYSCEF Doc No. 58 [emphasis added]).

The Vigdorchik affidavit asserts specific denials which raise genuine issues of fact that cannot be resolved on these papers alone. If Plaintiff merely attached the summons and complaint as an exhibit to the order to show cause, then that manner of service is generally insufficient to acquire personal jurisdiction over Shorefront (*see Monks v Pandolfi*, 274 AD2d 381, 381 [2d Dept 2000] ["Service of an order to show cause with accompanying papers, which included a copy of the summons and verified complaint, was not proper service of process and was insufficient to confer jurisdiction"]; *Rutherford Props., LLC v TOV 106 LLC*, 2017 WL 6940642, *1 [Sup Ct, Queens County 2017] ["Including a copy of the summons and complaint as an exhibit in the Order to Show Cause is insufficient"]; *Jamaica Chamber of Commerce, Inc. v Orion Plumbing & Heating Corp.*, 32 Misc 3d 1234[A], *2 [Sup Ct, Queens County 2011] [serving the order to show cause with the summons and complaint stapled inside is insufficient to acquire jurisdiction]; *Iglesias v Rodriguez*, 143 Misc 2d 498, 499 [Sup Ct, Kings County 1989] [summons and complaint attached as exhibits to order to show cause insufficient for jurisdiction over the defendant]). In any event, the signed order to show cause specifically directs Plaintiff to serve a copy of the summons and complaint separate from the order to show cause. The signed order directed "service upon all Defendants of a copy of this Order [to Show Cause] together with the papers upon which this Order is granted, *as well as a copy of the Summons and Complaint*" (NYSCEF Doc Nos. 37, 59 [emphasis added]).

Accordingly, a traverse hearing is ordered on the issue of proper service of the summons and complaint upon Shorefront. At the hearing, Plaintiff is required to establish facts by a preponderance of the evidence showing that the summons and complaint were personally delivered to Shorefront, separate and apart from the order to show cause, and "the asserter of these facts must be made available for cross-examination" (*Empire Natl. Bank v Judal Constr. of New York, Inc.*, 61 AD2d 789, 790 [2d Dept 1978]).

**Extension of Time to Serve Associated Y**

With respect to defendant Associated Y, Plaintiff seeks to extend its time to serve the summons and complaint upon Associated Y and for an order directing that service of such

documents be made by delivering them to UJA by hand delivery, certified mail return receipt requested, or by any other manner directed by the court.

Upon a plaintiff's failure to adhere to the 120-day deadline, "the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b). "Good cause" is demonstrated through "reasonable diligence in attempting service" (*Rivera v Michaelsen*, 225 AD3d 639, 640 [2d Dept 2024] [internal quotations omitted]). Good cause for an extension may exist where the plaintiff's failure to timely serve the commencement documents is beyond the plaintiff's control (*see Bumpus v New York City Tr. Auth.*, 66 AD3d 26, 32 [2d Dept 2009]). The interest of justice standard, on the other hand, "requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). The court may consider any relevant factor, including "diligence, or lack thereof, ... expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*id.* at 105-106).

Here, the record demonstrates that Plaintiff made only one attempt to serve Associated Y. That attempt, although made shortly after the action commenced, was improper as it was served at UJA's offices without leave of court. Plaintiff did not make any further attempts to serve Associated Y prior to the instant motion because Plaintiff admittedly "hope[d] that a determination of the successor liability issue in the previously filed action would obviate the need to obtain jurisdiction over the Associated Ys" (NYSCEF Doc No. 18, Bonina Aff ¶ 11). Accordingly, the efforts demonstrated in this case fall short of the required "reasonable diligence" for good cause.

Although Plaintiff's one-time effort at serving Associated Y does not amount to diligent efforts, the court notes that Plaintiff's service attempt was timely and made shortly after commencement of the action. When Plaintiff was notified that defendant UJA was not authorized to accept service on behalf of Associated Y, Plaintiff filed the instant motion to extend time to serve and for an alternate method of service.

Accordingly, upon these facts and in the interest of justice, Plaintiff is granted an extension of time to serve Associated Y in the interest of justice. Plaintiff's time within which to serve defendant Associated Y with the summons and complaint in this action, and file an affidavit of service, is hereby extended 20 days from the date of this decision and order, said time to expire on January 30, 2025.

Page **6** of **10**

[* 6]

**Alternate Service on Associated Y**

Plaintiff further seeks an order directing an alternate method of service on Associated Y, namely that service be deemed complete upon delivery of the summons and complaint to UJA under the theory of successor liability. Plaintiff contends that UJA is the successor to Associated Y and insured and agreed to hold Associated Y harmless.

CPLR 308(5) authorizes the court to direct an alternative method of service when "service by personal delivery, delivery and mail, and affixing and mailing … are impracticable" (*Jean v Csencsits*, 171 AD3d 1149, 1149 [2d Dept 2019]). A dissolved corporation "enjoys a *de jure* existence for the purpose of winding up its affairs and with that end in view may, among other functions, sue and be sued in its corporate name" (*Country Tweeds, Inc. v Clyde Fashions, Ltd.*, 286 AD 491, 492 [1st Dept 1955]; *see* N-PCL § 1006[a][4] [a dissolved corporation may sue or be sued]). Moreover, the "dissolution of a corporation shall not affect any remedy available to or against such corporation … for any right or claim existing or any liability incurred before such dissolution" (N-PCL § 1006[b]). Thus, "personal jurisdiction over a dissolved corporation 'may be obtained through service upon the Secretary of State' " (*NYCTL 1998-2 Trust v Cooper Third Assoc.*, 176 AD3d 727, 728 [2d Dept 2019], quoting *Bruce Supply Corp. v New Wave Mech., Inc.*, 4 AD3d 444, 445 [2d Dept 2004]). Generally, claims instituted beyond a few years after a voluntary dissolution have been found to exceed the post-dissolution winding up of affairs such that service upon the Secretary of State is impracticable (*see Cives Steel Co. v Unit Bldrs., Inc.*, 262 AD2d 164 [1st Dept 1999] [alternate service ordered for company dissolved three years prior to dissolution]; *Lance Intern., Inc. v First Nat. City Bank*, 24 Misc 3d 1109, 1116-1117 [Civ Ct, NY County 2009] [corporation is no longer winding up its affairs three decades after dissolution]; *cf. MMI Trading, Inc. v Nathan H. Kelman, Inc.*, 120 AD3d 478, 479-480 [2d Dept 2014] ["2½ years between the time of the plaintiff's dissolution and the filing of the complaint was still a reasonable time" for winding up of its affairs]).

Here, by order dated January 12, 2003, a justice of the Supreme Court approved Associated Y's dissolution as a not-for-profit corporation in this state (*see* NYSCEF Doc No. 35, Plaintiff's Exhibit Q). Under the circumstances presented here, the fact that Associated Y dissolved in 2003 – 14 years after the alleged abuse ended and approximately 18 years prior to commencement of this action – makes service upon the Secretary of State impracticable. The court finds no other information in the record to demonstrate that the other statutory service provisions are practicable or sufficient in this case.

Plaintiff submits that defendant UJA is the appropriate party for alternate service under the theory of successor liability. Generally, "a corporation which acquires the assets of another corporation is not liable for the predecessor's tortious conduct" (*Wass v County of Nassau*, 153 AD3d 887, 888 [2d Dept 2017]). As an exception to the general rule, a corporation may be liable for the torts of its predecessor when, as alleged here, the successor corporation (1) expressly or impliedly assumed the predecessor's tort liability, or (2) the purchasing corporation was a mere continuation of the selling corporation (*id.*).

Successor liability addresses whether the successor corporation is liable for the purported tortious conduct of its predecessor. Here, the court need not reach that question as this motion is merely one for an alternate method of service. The court's inquiry in this regard is directed at whether the alternate manner of service sought by Plaintiff is " 'reasonably calculated to inform parties of proceedings' " (*Dobkin v Chapman*, 21 NY2d 490, 503 [1968], quoting *Walker v City of Hutchinson, Kan.*, 352 US 112, 115 [1956]). Some court-directed methods of service have included delivery to a defendant's attorney (*see Gibson v Salvatore*, 102 AD2d 861, 862 [2d Dept 1984]; *Osserman v Osserman*, 92 AD2d 932, 934 [2d Dept 1983]), insurance carrier (*see Todd v Hammer*, 59 Misc 2d 147, 149 [Sup Ct, NY County 1969]), or a combination of various methods (*see Kropf v King*, 30 AD2d 327, 328-329 [2d Dept 1968]).

The court has considered all the attendant circumstances in this case. Specifically, Plaintiff's complaint alleges that UJA are the successors in interest to Associated Y and as such are responsible for the tortious conduct of Associated Y. The 1991 agreement between UJA and Associated Y admittedly reflects that substantially all of Associated Y's assets were transferred to UJA and there is sufficient continuity of leadership between the two corporations for notice purposes. The court notes that while the agreement does not explicitly state that UJA agrees to indemnify Associated Y for all of its conduct prior to the transfer, it did agree to indemnify officers, directors and trustees such that it is reasonable to conclude that UJA is likely to receive service of process for conduct committed by Associated Y prior to its dissolution.

For these reasons, Plaintiff's application for alternate service is granted. Plaintiff shall serve process on defendant Associated Y by serving a copy of the summons and complaint upon UJA at its place of business and upon the attorney for UJA, both by certified mail, return receipt requested, within 20 days from the date of this decision and order, said time to expire on January 30, 2025. To be clear, the court makes no finding as to whether UJA is liable under the theory of successor

[* 8]

liability for Associated Y's alleged tortious conduct. The court's decision is limited to an appropriate manner of service.

**Dismissal as to UJA**

Finally, UJA seeks dismissal of the complaint because this is the second action filed by Plaintiff against UJA regarding the same subject matter.

A court may dismiss an action pursuant to CPLR 3211(a)(4) where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." Dismissal on this ground is proper "where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same" (*Jadron v 10 Leonard St., LLC*, 124 AD3d 842, 843 [2d Dept 2015]; *see Aurora Loan Servs., LLC v Reid*, 132 AD3d 788, 788-789 [2d Dept 2015]). Dismissal under CPLR 3211(a)(4) is not mandatory, and the court has broad discretion in determining whether dismissal should ensue on this ground (*Feldman v Harari*, 183 AD3d 629, 630 [2d Dept 2020]).

With respect to the first prong, substantial identity of the parties, there is no doubt that this prong is satisfied (*see Barringer v Zgoda*, 91 AD2d 811, 811 [3d Dept 1982] ["Substantial, not complete, identity of parties is all that is required"]). The parties in this action and the named parties in the 2020 action are identical. Notably, in the 2020 action, Plaintiff filed a motion to amend the complaint to add Associated Y as a defendant in that case, which was granted by order dated September 22, 2022.

As to the second and third prongs, "[t]he critical element is that both suits arise out of the same subject matter or series of alleged wrongs" (*Cherico, Cherico & Assoc. v Midollo*, 67 AD3d 622, 622 [2d Dept 2009] [internal quotation marks omitted], quoting *White Light Prods., Inc. v On the Scene Prods., Inc.*, 231 AD2d 90, 94 [1st Dept 1997]). In both actions, Plaintiff seeks to hold defendants liable for the same causes of action stemming from the same allegations of abuse.

Plaintiff argues that this court should exercise its discretionary power and order either a hearing on the motion for summary judgment in the 2020 action or order disclosure of Associated Y's insurance policies in this action. The court finds no merit to either of these options. Plaintiff submits that "a ruling in plaintiff's favor on his cross-motion for partial summary judgment in the previously filed action would render the instant motion moot" (*see* NYSCEF Doc No. 49, Bonina Reply Aff ¶ 25). Another justice has ruled that issues of fact exist on successor liability. In any event, Plaintiff has failed to assert any legitimate reason why these defendants should be required to defend against two actions simultaneously, conduct identical discovery in both actions, and continue

[* 9]

to incur fees, expenses, and times when there is no discernible distinction between the 2020 and instant actions. Whatever relief Plaintiff seeks from these defendants is best, and properly, raised in the 2020 action.

Accordingly, as to the UJA defendants, this action is dismissed against said defendants pursuant to CPLR 3211(a)(4).

CONCLUSION

In accordance with the foregoing, it is hereby:

ORDERED that Plaintiff's order to show cause (motion sequence no. 2) is granted to the extent indicated herein; and it is further

ORDERED that the defendants' cross-motion (motion sequence no. 3) is granted to the extent indicated herein; and it is further

ORDERED that a traverse hearing is ordered on the issue of proper service of the summons and complaint upon Shorefront; and it is further

ORDERED that Plaintiff's application for alternate service upon Associated Y is granted. Plaintiff shall serve process upon defendant Associated Y by serving a copy of the summons and complaint upon UJA at its place of business and upon the attorney for UJA, both by certified mail, return receipt requested, within 20 days from the date of this decision and order, said time to expire on January 30, 2025; and it is further

ORDERED that this action is dismissed as to the UJA defendants, pursuant to CPLR 3211(a)(4); and it is further

ORDERED that defendant UJA shall serve a copy of this decision and order, with notice of entry, upon Plaintiff within seven (7) days of entry. UJA shall e-file an affidavit of said service within seven (7) days of effectuating service.

Any issue raised and not decided herein is denied.

This constitutes the decision and order of the court.

Dated: **January 10, 2025**

E N T E R:

_____

HON. JOANNE D. QUIÑONES
Justice of the Supreme Court

Page **10** of **10**